Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
REGIÓN JUDICIAL DE PONCE
PANEL X

| | | |
|---|---|---|
| ERIC JORGE RODRÍGUEZ<br><br>Recurrido<br><br>V.<br><br>PLAZA LAS AMÉRICAS, INC. Y OTROS<br><br>Recurrente | KLCE202301197 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: JD2022CV00218 (605)<br><br>Sobre: Despido Injustificado (Ley Núm. 80) y otros |

Panel integrado por su presidenta; la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón

*Lebrón Nieves, Juez Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de noviembre de 2023.

El 30 de octubre de 2023, compareció ante este foro revisor, Plaza Las Américas, Inc. (en adelante, parte peticionaria) mediante recurso de *Certiorari*. Mediante el aludido recurso, nos solicita que revisemos una *Resolución* interlocutoria emitida el 13 de octubre de 2023 y notificada el 18 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce. En la misma, el foro *a quo* declaró No Ha Lugar, la *Oposición a "Moción Solicitando Orden y Oposición a Desestimación" y en Torno a Orden emitida el 7 de septiembre de 2023*, relacionada con el alegado incumplimiento de la parte recurrida con cierto descubrimiento de prueba.

Por los fundamentos que en adelante se esbozan, se desestima el recurso de *certiorari* incoado por falta de jurisdicción.

### I

Los eventos procesales y fácticos que suscitaron la controversia de epígrafe son los que adelante se esbozan. En

apretada síntesis, surge del expediente que, el 19 de abril de 2022 el señor Eric Jorge Rodríguez (en adelante señor Jorge Rodríguez, o parte recurrida) presentó una *Querella* en contra de Plaza Las Américas, Inc. (en adelante, Plaza Las Américas o parte peticionaria), Empresas Fonalledas, Inc., (en adelante Empresas Fonalledas). A su vez, acumuló a las compañías aseguradoras como partes desconocidas. En su *Querella*, el recurrido alegó despido injustificado, represalias y discrimen por edad, entre otras alegaciones.[1] Alegó, además, incumplimiento de Plaza Las Américas con el protocolo de seguridad para la prevención y manejo contra COVID-19 en las instalaciones de trabajo. Posterior al despido, el señor Jorge Rodríguez presentó una reclamación en el Departamento del Trabajo y Recursos Humanos de Puerto Rico para recibir los beneficios de desempleo.[2]

Trabada la controversia entre las partes, Plaza Las Américas solicitó la desestimación parcial de la reclamación bajo la Ley Núm.115-1991, al amparo de la Regla 10.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R 10.2, sobre desestimación.[3]  A su vez, Empresas Fonalledas también solicitó la desestimación de la *Querella*, al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, arguyendo que no era el patrono del señor Jorge Rodríguez, y que en la alternativa, solicitaba desestimación basado en los argumentos expuestos por Plaza Las Américas en su moción dispositiva.[4]

Así las cosas, el 23 de junio de 2022, el Tribunal de Primera Instancia ordenó a las partes coordinar el descubrimiento de prueba e informarle las fechas acordadas.  Asimismo, determinó que la fecha límite para culminar el descubrimiento de prueba sería el 30

---

[1] Véase Apéndice 1 pág. 1-7.
[2] Véase Apéndice 1 pág. 4.
[3] Véase Apéndice 4 pág. 42-79.
[4] Véase Apéndice 5. Pág. 80-86.

de noviembre de 2022, y la presentación del Informe de Conferencia con Antelación a juicio, no más tarde de diciembre de 2022.[5]

Posteriormente, Plaza Las Américas solicitó la conversión del procedimiento bajo la Ley Núm. 2-1961, a uno bajo la vía ordinaria, toda vez que, existía una multiplicidad de planteamientos en la *Querella* incoada.[6] A su vez, el señor Jorge Rodríguez presentó su oposición a dicha solicitud, replicando que eran planteamientos relacionados entre sí. Sin embargo, el 15 de agosto de 2022, el foro primario denegó dicha solicitud. Subsiguientemente, la parte recurrida contestó la moción de desestimación luego de un término concedido por el TPI.[7] El foro primario declaró No Ha Lugar las mociones de desestimación presentadas, por considerarlas prematuras.[8]

Con posterioridad, la parte peticionaria comenzó el descubrimiento de prueba, tal como había sido ordenado, más no así, la parte recurrida. Según surge del expediente, el recurrido solicitó varias prórrogas para cumplir con el descubrimiento de prueba cursado por Plaza Las Américas y Empresas Fonalledas.[9] Por su parte, Plaza Las Américas solicitó al TPI que se dieran por admitidos los requerimientos de admisiones, según habían sido cursados, por estos no haber sido contestados, de conformidad a las Reglas de Procedimiento Civil, *supra.*[10] Ulteriormente, la documentación solicitada fue remitida a Plaza Las Américas. Empero, Plaza las Américas objetó la contestación al descubrimiento de prueba, por no estar conforme con las contestaciones brindadas. A esos efectos, el 28 de noviembre de 2022, el TPI les concedió un término improrrogable de 5 días para que la parte recurrida

---

[5] Véase Apéndice 7 pág. 93.
[6] Véase Apéndice 8 pág. 94-99.
[7] Véase Apéndice 6 pág. 87-92.
[8] Véase Apéndice 13 pág.122.
[9] Véase Apéndice 15 pág. 124-163.
[10] Véase Apéndice 1 pág. 159.

remitiera las contestaciones solicitadas, con la imposición de una sanción económica de $200.00 por el incumplimiento del recurrido con el descubrimiento de prueba.

Posteriormente, el TPI dejó sin efecto la sanción económica, a petición de la parte recurrida. No obstante, mantuvo el término dispuesto para remitir a la parte peticionaria, la evidencia solicitada.[11] Esta controversia se prolongó durante varios meses y tras varias solicitudes de ambas partes, el TPI concedió cinco (5) días a ambas partes para solucionar la polémica del descubrimiento de prueba.[12] Acaecidas varias incidencias procesales, innecesarias pormenorizar, surge de la Minuta del 7 de julio de 2023 que, el TPI dictó órdenes para finalizar las controversias relacionadas al descubrimiento de prueba, someter el informe de conferencia con antelación a juicio y el señalamiento de juicio.[13]

Aunque las controversias en cuanto al descubrimiento de prueba se prolongaron, el 15 de agosto de 2023, el TPI emitió *Orden* en la que dejó sin efecto los señalamientos, debido a un intercambio administrativo de casos, conforme a una Determinación de Inhibición y la Orden Administrativa Núm. 2004-4 del 1 de septiembre de 2004.[14] Posteriormente, el TPI reanudó sus labores regulares de calendario.

Como mencionamos previamente, el 13 de octubre de 2023 y notificada el 18 de octubre de 2023, el foro primario emitió una *Resolución* interlocutoria, en la que declaró No Ha Lugar, la *Oposición a "Moción Solicitando Orden y Oposición a Desestimación" y en Torno a Orden emitida el 7 de septiembre de 2023*, relacionada al incumplimiento de la parte recurrida con cierto descubrimiento de prueba.

---

[11] Véase Apéndice 19 pág. 168.
[12] Véase Apéndice 21 pág. 265.
[13] Véase Apéndice 21 págs. 276-277.
[14] Véase Apéndice 31 pág. 302.

Inconforme con lo dictaminado, la parte peticionaria incoó el recurso que nos ocupa y señaló que, el Tribunal de Primera Instancia cometió el siguiente error:

- Erró el Honorable Tribunal de Primera Instancia al declarar No Ha Lugar la oposición a "moción solicitando orden y oposición a desestimación" y en torno a orden emitida el 7 de septiembre de 2023, aun cuando dicha moción detallaba los crasos incumplimientos de la parte recurrida con el descubrimiento de prueba, así como con las órdenes emitidas por el Tribunal de Primera Instancia.

Por no entender necesaria la comparecencia de la parte recurrida, prescindimos de la misma.[15]

**II**

Como Tribunal Apelativo, en primer lugar, estamos obligados a examinar si tenemos jurisdicción para atender el recurso presentado. Veamos.

**A. *Jurisdicción***

En reiteradas ocasiones nuestra Máxima Curia ha manifestado que la jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias. Conforme a ello, en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional. Esto debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción. (Citas omitidas). Así, nuestro Tribunal Supremo ha reafirmado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción, por lo que los asuntos relacionados con ésta, son privilegiados y deben atenderse de manera preferente. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254 (2018).

---

[15] En virtud de la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R.7, este tribunal tiene la facultad para prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante su consideración, con el propósito de disponer el recurso de manera eficiente.

Como es sabido, es deber ministerial de todo tribunal, cuestionada su jurisdicción por alguna de las partes o incluso cuando no haya sido planteado por éstas, examinar y evaluar con rigurosidad el asunto jurisdiccional, pues éste incide directamente sobre el poder mismo para adjudicar una controversia. *Ruiz Camilo v. Trafon Group*, Inc., supra.

Por consiguiente, si un tribunal, luego de realizado el análisis, entiende que no tiene jurisdicción sobre un recurso, sólo tiene autoridad para así declararlo. De hacer dicha determinación de carencia de jurisdicción, el tribunal debe desestimar la reclamación ante sí sin entrar en sus méritos.  Lo anterior, basado en la premisa de que, si un tribunal dicta sentencia sin tener jurisdicción, su decreto será jurídicamente inexistente o *ultravires*.  *Cordero et al. v. ARPe et al.*, 187 DPR 445, 447 (2012).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones,[16] confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

### B. El Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009). Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4

---

[16] 4 LPRA Ap. XXII-B, R. 83.

LPRA Ap. XXII-B, R. 40, dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no

ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

El certiorari, como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 7 (1948). Este procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario. *Pueblo v. Tribunal Superior*, 81 DPR 763, 767 (1960). Nuestro Tribunal Supremo ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992*); Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

### C. *Ley Núm. 2-1961*

La Ley Núm. 2-1961, también conocida como la Ley de Procedimientos Sumario de Reclamaciones Laborales, 32 LPRA sec. 3118 et. seq., provee un procedimiento sumario para la tramitación y adjudicación de pleitos laborales. La esencia del trámite sumario creado por la Ley Núm. 2-1961, *supra*, es proveer un mecanismo judicial para que se consideren y adjudiquen querellas de obreros o empleados de manera rápida, principalmente en casos de reclamaciones salariales y beneficios. *Bacardí Corporation v. Torres Arroyo*, 202 DPR 1014, 1019 (2019) *Medina Nazario v. McNeil Healthcare LLC*, supra, pág. 732. Con su adopción, el legislador pretendió brindarle a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas que éstos presenten contra sus

patronos. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008); *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996).

La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido injustificado. *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011). Con el fin de adelantar su propósito, la ley estableció:

> [. . .] (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. *Rivera v. Insular Wire Products Corp.*, supra, págs. 923-924. *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 446 (2016).

Reiteradamente nuestro más Alto Foro ha expresado que "[l]a esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2... constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más...". (Citas omitidas). *Rodríguez et al. v. Rivera et al.*, 155 DPR 838, 856 (2001). Es por ello que, la Ley de Procedimiento Sumario de Reclamaciones Laborales introdujo a nuestro ordenamiento jurídico un trámite especial y expedito para atender las querellas relacionadas con disputas laborales presentadas por empleados o empleadas, u obreros u obreras en contra de sus patronos. En estos casos se aplicarán las Reglas de Procedimiento Civil en todo aquello que **no esté en conflicto** con las disposiciones específicas de las mismas

**o con el carácter sumario del procedimiento establecido por esta ley**. *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339, (2021). (Escolios omitidos) (énfasis suplido)

Como podrá observarse, el procedimiento sumario creado por la Ley Núm. 2-1961, *supra*, es uno abarcador que al hacer un balance de los intereses envueltos impone la carga procesal más onerosa al patrono, sin que esto signifique que éste queda privado de defender sus derechos. *Rivera v. Insular Wire Products Corp.*, supra, pág. 924. En vista de su carácter reparador, esta ley debe ser interpretada liberalmente a favor del empleado. (Cita omitida). *Ruiz v. Col. San Agustín*, 152 DPR 226, 232 (1998).

Por otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 501 (1999), el Tribunal Supremo de Puerto Rico tuvo la oportunidad de expresarse en relación con el alcance de la revisión judicial de resoluciones interlocutorias dictadas en un procedimiento sumario instado al amparo de la Ley Núm. 2-1961, *supra*. Allí expresó lo siguiente:

> De una lectura de los preceptos anteriores se desprende que el legislador no tuvo la intención expresa de que estuviera disponible un mecanismo de revisión directa de las resoluciones interlocutorias. Más aún, en todos los debates celebrados en la Cámara y el Senado en torno al P. del S. 194 --que dio origen a la ley que analizamos-- **no se hizo mención de la posibilidad de que tales resoluciones interlocutorias fueran revisables**. Todo lo anterior abunda a nuestra conclusión de que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, debemos autolimitar nuestra facultad al efecto. *Id.*, pág. 496.

Concluyó el Tribunal Supremo de Puerto Rico en *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, supra, a la pág. 349, y citando a *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, pág. 498, lo siguiente:

> [...] En *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, reconocimos que esta norma de autolimitación de revisión contempla una serie de instancias en las que una resolución interlocutoria sí es revisable por este Tribunal Supremo o por el Tribunal de Apelaciones,

según corresponda. A estos efectos, a modo de excepción, concluimos que los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2 en las siguientes instancias: (1) **cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia**. Id., pág. 498. Véase, además, (citas omitidas). En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria. (énfasis suplido).

Así las cosas, nuestro más Alto Foro, ha reiterado que las resoluciones interlocutorias que emita el Tribunal de Primera Instancia no son revisables por este tribunal. *Dávila, Rivera v. Antilles Shipping, Inc.*, supra, a la pág. 497. En función del interés protegido por esta legislación social, consistentemente hemos destacado la importancia de asegurar que los trámites judiciales encaminados bajo el palio de la Ley Núm. 2-1961, *supra*, no pierdan su esencia expedita. *Ruiz Camilo v. Trafon Group*, Inc., *supra*. Por lo tanto, corresponde a los tribunales asegurar la estricta observancia del proceso sumario […]". *León Torres v. Rivera Lebrón*, 204 DPR 20,33, (2020).

Esbozada la norma jurídica, procedemos a disponer del recurso ante nuestra consideración.

**III**

En el caso que nos ocupa, la parte peticionaria nos solicita que ejerzamos nuestra facultad discrecional y revoquemos la *Resolución* interlocutoria emitida 13 de octubre de 2023 y notificada el 18 de octubre de 2023, en la que el foro primario denegó la *Oposición a "Moción Solicitando Orden y Oposición a Desestimación" y en Torno a Orden Emitida el 7 de septiembre de 2023.*

Empero, al examinar el recurso de epígrafe, colegimos que nos encontramos impedidos de intervenir en los méritos de la resolución

recurrida, ya que de lo contrario se desvirtuaría el propósito sumario que le quiso imprimir el legislador a los procedimientos tramitados bajo la Ley Núm. 2-1961.  El legislador fue claro cuando dispuso que las revisiones interlocutorias en un procedimiento sumario bajo la Ley Núm. 2-1961, *supra,* no serían revisables por este foro. De ordinario, el mencionado estatuto contiene las excepciones establecidas por la jurisprudencia interpretativa del Tribunal Supremo donde limitaron las intervenciones de este foro.   En particular, destacamos las excepciones establecidas en *Dávila, Rivera,* supra, donde el Alto Foro limitó nuestra intervención a ciertas instancias, a saber: (1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo; y (3) cuando la revisión tenga el efecto de evitar una grave injusticia.

En el caso ante nos, la orden que se pretende revisar fue dictada por un tribunal con jurisdicción y la misma no amerita nuestra revisión inmediata para evitar un fracaso de la justicia, toda vez que, no se cumplen ninguna de las excepciones establecidas. En consecuencia, procede la desestimación del recurso de *certiorari* solicitado.

**IV**

Por todo lo anterior, se desestima el recurso de *Certiorari* solicitado por falta de jurisdicción.

Notifíquese.

Lo acordó y manda el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.   La Juez Barresi Ramos concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones