Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| LYMAT TAMYL CORDERO VEGA<br><br>Peticionaria<br><br>v.<br><br>JESICA M. SANTANA SANTIAGO Y OTROS<br><br>Recurridos | KLCE202400754 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Sobre: Derecho Laboral, Procedimiento Sumario.<br>Ley Núm. 2 de 17 de octubre de 1961, según enmendada<br><br>Caso Número: SG2024CV00259 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de agosto de 2024.

La peticionaria, Lymat Tamyl Cordero Vega, comparece ante nos para que dejemos sin efecto la *Resolución* emitida y notificada por el Tribunal de Primera Instancia, Sala de San Germán, el 26 de junio de 2024. Mediante la misma, el tribunal primario concedió una prórroga a la parte recurrida, para presentar la contestación a la querella radicada en su contra, en la cual se invocó el procedimiento sumario dispuesto en la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118, *et seq.*

Por los fundamentos que expondremos a continuación, se *expide* el auto solicitado y se *revoca* la *Resolución* recurrida.

**I**

El 12 de abril de 2024, la peticionaria presentó la querella de epígrafe. En la misma, alegó que comenzó a laborar para la parte recurrida, en el año 2017, y que fue despedida de su empleo

injustificadamente el 14 de julio de 2020. En el pliego, la peticionaria realizó una reclamación al amparo de la Ley Núm. 80 de 30 de mayo de 1976, conocida como la *Ley Sobre Despidos Injustificados*, 29 LPRA sec. 185a *et seq.,* según enmendada, por el alegado despido injustificado; una reclamación por horas extras al amparo de la Ley Núm. 379 de 15 de mayo de 1948, conocida como la *Ley para Establecer la Jornada de Trabajo en Puerto Rico*, 29 LPRA sec. 271 *et seq.;* y una reclamación de acumulación de vacaciones, al amparo de la Ley Núm. 180 del 27 de julio de 1998, conocida como la *Ley de Vacaciones y Licencia por Enfermedad de Puerto Rico*, según enmendada, 29 LPRA sec. 250 *et seq.*

Así las cosas, el 24 de junio de 2024, la parte recurrida presentó una *Moción Solicitando Prórroga para Contestar la Querella.* En su petitorio, solicitó que se le concediera un término de catorce (14) días para contestar la *Querella.* Por su parte, el 25 de junio de 2024, la peticionaria presentó una *Moción Acompañando Emplazamientos Diligenciados*, mediante la cual expuso que los emplazamientos a la parte recurrida habían sido debidamente diligenciados el 23 de mayo de 2024.

Evaluados los planteamientos de las partes, el 26 de junio de 2024, el Tribunal de Primera Instancia emitió la *Resolución* recurrida. En lo aquí pertinente, el foro *a quo* declaró *Ha Lugar* la solicitud de prórroga de la recurrida. En igual fecha, el foro primario emitió una segunda *Resolución* tomando conocimiento del diligenciamiento de los emplazamientos.

En desacuerdo con lo resuelto, el 8 de julio de 2024, la peticionaria acudió ante nos mediante el presente recurso de *certiorari*. Plantea los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al no anotarle la rebeldía a la parte Querellada y concederle término adicional para presentar su Contestación a la Querella, carente de jurisdicción para ello y en contravención a lo

dispuesto en la Ley 2, 1961 y su jurisprudencia interpretativa.

Erró el Tribunal de Primera Instancia al extender el término jurisdiccional establecido en la Ley 2, 1961 para el patrono contestar la Querella, careciendo de jurisdicción para ello.

## II

### A

La Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118, *et seq.*, establece un procedimiento de naturaleza sumaria para aquellos casos que versen sobre reclamaciones de un obrero o empleado en contra de su patrono, en aras de abreviar los trámites pertinentes a las mismas, de manera que resulte en un proceso menos oneroso para el trabajador. 32 LPRA sec. 3118; *Class Fernández v. Metro Health Care Management System, Inc.,* 2024 TSPR 63, 213 DPR ___ (2024); *Ruiz Camilo v. Trafon Group, Inc.,* 200 PR 254, 265 (2018); *Ríos v. Industrial Optic,* 155 DPR 1, 10 (2001). La naturaleza de esta reclamación exige celeridad en su trámite para así cumplir con el fin legislativo de proteger el empleo, desalentar los despidos injustificados y proveer al obrero despedido suficientes recursos económicos entre un empleo y otro. *Reyes Berríos v. ELA,* 2024 TSPR 53, 213 DPR __ (2024); *Ruiz Camilo v. Trafon Group, Inc.*, supra; *Rodríguez v. Syntex P.R. Inc.,* 148 DPR 604 (1999). El referido mecanismo pretende lograr la pronta disposición del asunto en controversia, evitando que el patrono querellado retrase innecesariamente la tarea judicial y ofreciendo, a su vez, una solución justa para ambas partes. *Ríos v. Industrial Optic,* supra.

Siendo la médula del procedimiento especial sumario contemplado en Ley Núm. 2, *supra,* la rápida adjudicación de toda reclamación laboral, el referido precepto provee ciertas garantías para favorecer la naturaleza expedita del mismo. Estas, a su vez, se

presentan como un disuasivo para los patronos cuando su estrategia de litigación es una temeraria y dilatoria. *León Torres v. Rivera Lebrón,* 204 DPR 20, 33 (2020).

En lo aquí pertinente, el precepto en cuestión "[altera] ciertos términos y condiciones provistas en nuestro ordenamiento procesal, las cuales rigen de ordinario la litigación civil". *León Torres v. Rivera Lebrón,* supra, pág. 31. Así, una vez se entabla una reclamación a la luz de las previsiones de la Ley Núm. 2, *supra,* y se notifica la querella al patrono compelido, este deberá presentar por escrito su contestación, dentro de los diez (10) días a la notificación, si esta se hiciere dentro del distrito judicial en el que se promueve la acción, y dentro de los quince (15) días en cualquier otro caso, todo bajo apercibimiento que, de incumplir, el tribunal dictará sentencia en su contra y concederá el remedio solicitado. 32 LPRA sec. 3120; *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 929-930 (2008). Ahora bien, y en atención al escenario en el que un patrono no presente su alegación responsiva dentro del término establecido, la Ley Núm. 2, *supra,* expresa como sigue:

> [...] Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a esta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. **En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga.**
>
> [...]
>
> 32 LPRA sec. 3120. (Énfasis nuestro).

La concesión de una prórroga para presentar la contestación a una querella sujeta al trámite estatuido en la Ley Núm. 2, *supra,* exige la más estricta verificación de los criterios antes expuestos. *Vizcarrondo Morales v. MVM, Inc.,* supra, págs. 930-931. Por tanto, además de que se solicite dentro del plazo estatuido para contestar, la misma debe ser juramentada, contener los motivos específicos

que justifican su concesión y ser debidamente notificada al querellante. *Íd.* Ahora bien, el ordenamiento jurídico dispone que la misma deberá fundarse en circunstancias verdaderamente extraordinarias a fin de que, a manera de excepción, se flexibilice la aplicación de la Ley Núm. 2, *supra. Ocasio v. Kelly Servs.,* 163 DPR 653, 669 (2005). Así, el incumplimiento con los referidos criterios "conlleva que el juez dicte sentencia en contra del querellado, a instancias del querellante, concediendo el remedio solicitado". 32 LPRA 3121; *Vizcarrondo Morales v. MVM, Inc.,* supra, pág. 931.

El estado de derecho reitera que, aunque se reconoce la discreción del tribunal para determinar la forma como se debe encausar la querella, ello está limitado por el mandato expreso de la Ley Núm. 2, *supra.* Por tanto, pasado el término para que el patrono conteste la querella sin que ello ocurra, o sin que se haya solicitado una prórroga eficaz a tenor con las exigencias debidas, el tribunal deberá anotar su rebeldía. *Vizcarrondo Morales v. MVM, Inc.,* supra.

**B**

Por otro lado, el Tribunal Supremo ha resuelto que, como norma, la revisión de una *resolución interlocutoria* emitida por el Tribunal de Primera Instancia dentro de una acción judicial promovida al amparo de lo dispuesto en la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2, *supra*, quedará postergada hasta que se emita la correspondiente sentencia respecto al asunto. Así, se da cumplimiento al propósito que persigue el procedimiento sumario y, a su vez, no queda desvirtuado el principio de economía procesal propio de nuestro ordenamiento, ya que, considerando la rapidez con que sobrevienen los escasos eventos procesales previstos por la Ley Núm. 2, *supra*, el promovente podrá cuestionar, en tiempo cercano, los errores cometidos. *Ortiz v. Holsum,* 190 DPR 511, 517 (2014); *Dávila, Rivera v. Antilles Shipping, Inc.,* 147 DPR 483, 497 (1999). Conforme dispone la

doctrina vigente, el legislador no tuvo la intención expresa de establecer un mecanismo de revisión directa de las resoluciones interlocutorias emitidas en el procedimiento concerniente, por resultar contrario al carácter expedito del mismo. Siendo así, el foro apelativo está llamado a abstenerse de ejercer sus funciones revisoras respecto a las resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia dentro del trámite sumario propuesto por la Ley Núm. 2, *supra*, puesto que las mismas deberán ser impugnadas, mediante el correspondiente recurso en alzada, una vez se emita una sentencia definitiva en cuanto al asunto. *Aguayo Pomales v. R&G Mortg.*, 169 DPR 36, 45 (2006); *Ruiz v. Col. San Agustín*, 152 DPR 226, 232 (2000).

No obstante, esta norma de abstención cede en aquellos supuestos en los que **el tribunal de origen haya emitido una resolución interlocutoria sin jurisdicción a tal fin**, en situaciones en las que la revisión inmediata dispone del caso por completo y, en aquellos *casos extremos* que, a fin de hacer justicia, ameritan la intervención del tribunal intermedio. *Díaz Santiago v. PUCPR, et al.*, 207 DPR 339, 349 (2021); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 733 (2016); *Ortiz v. Holsum*, supra, pág. 517; *Alfonso Brú v. Trane Export, Inc.*, 155 DPR 158, 171 (2001); *Ruiz v. Col. San Agustín*, supra. A tenor con ello, la doctrina vigente ha definido el referido concepto como la eventualidad "en que la revisión inmediata, en esta etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una grave injusticia (*miscarriage of justice*)". *Dávila, Rivera v. Antilles Shipping, Inc.,* supra, pág. 498.

### III

En el presente caso, la parte peticionaria plantea, en síntesis, que el Tribunal de Primera Instancia actuó sin jurisdicción al

conceder una prórroga para la contestación a la querella y no anotarle la rebeldía a la parte recurrida. Les asiste la razón.

Según esbozado, como norma general, los tribunales intermedios estamos llamados a abstenernos de ejercer nuestras funciones revisoras sobre las resoluciones interlocutorias emitidas por el Tribunal de Primera Instancia dentro del trámite sumario propuesto por la Ley Núm. 2, *supra.* No obstante, a manera de excepción de la norma de autolimitación judicial antes expuesta, podemos intervenir con aquellos dictámenes interlocutorios emitidos sin jurisdicción.

En el presente caso, los emplazamientos fueron debidamente diligenciados el **23 de mayo de 2024**, en el mismo distrito judicial en que se promueve la acción. Siendo esto así, los recurridos tenían **hasta el 3 de junio de 2024** para contestar la querella instada en su contra, fecha en la que vencían los diez (10) días jurisdiccionales establecidos en la Ley Núm. 2, *supra.* Sin embargo, no fue hasta el **24 de junio de 2024** que los recurridos presentaron su solicitud de prórroga, sin fundamentar la misma y fuera del término correspondiente.

Tras aplicar la norma antes expuesta, a las particularidades del caso que nos ocupa, es nuestro criterio que el foro *a quo* erró al emitir su determinación concediendo la prórroga solicitada y no anotar la rebeldía. En el presente caso, la parte recurrida no presentó la solicitud de prórroga dentro del plazo estatuido para contestar la querella y no fundamentó la misma en circunstancias que fuesen, verdaderamente extraordinarias a fin de que se debiera flexibilizar la aplicación de la Ley Núm. 2, *supra.* En incumplimiento con tales criterios, no tenía discreción el tribunal para conceder dicha prórroga, por carecer de jurisdicción. Al así actuar, el Tribunal de Primera Instancia contravino las disposiciones de la Ley Núm. 2, *supra* y lo resuelto en *Vizcarrondo Morales v. MVM, Inc., supra.* En

mérito de lo anterior, expedimos el auto solicitado y dejamos sin efecto la prórroga concedida y se anota la rebeldía de la parte recurrida.

**IV**

Por los fundamentos que anteceden, se expide el presente recurso de *certiorari* y se *revoca* la *Resolución* recurrida.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones