ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JULIO A. VEGA PACHECO<br><br>Peticionario<br><br>v.<br><br>VIEQUES AIR LINK, INC.<br>ASEGURADORA ABC<br><br>Recurrido | KLCE202401389 | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Número:<br>LU2023CV00116<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 15 de enero de 2025.

Comparece Julio A. Vega Pacheco ("señor Vega Pacheco" o "Peticionario") mediante *Petición de Certiorari* y solicita que revisemos la *Resolución Interlocutoria* emitida el 9 de diciembre de 2024 y notificada el 16 de diciembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Fajardo ("TPI"). Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la solicitud del Peticionario para tomar la deposición de dos (2) empleados de Vieques Air Link, Inc. ("VAL" o "Recurrida"), luego de ya haberle sometido un interrogatorio a la corporación.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto de *certiorari*.

## I.

El 1 de junio de 2023, el señor Vega Pacheco presentó una *Querella* en contra de VAL sobre despido injustificado y represalias, al amparo del procedimiento sumario dispuesto en la Ley Núm. 2 del 17 de octubre de 1961, según enmendada, conocida como "*Ley de Procedimiento Sumario de Reclamaciones Laborales*" ("Ley 2-1961"), 32 LPRA sec. 3118.

Como parte del descubrimiento de prueba, el Peticionario le cursó a la Recurrida un pliego de interrogatorio y requerimiento de documentos. Así las cosas, el 28 de agosto de 2023, VAL notificó sus contestaciones al pliego interrogatorio y requerimiento de producción de documentos.

Tras varias instancias procesales, el 15 de noviembre de 2024, el Peticionario instó una *Moción Informativa y en Solicitud de Orden para Compeler a Dos Testigos a Deposición*. El señor Vega Pacheco solicitó deponer a la Gerente de Recursos Humanos y al Supervisor del área donde laboraba, testigos anunciados por VAL e identificados en las contestaciones a interrogatorios como personas con conocimiento personal y relevante a los hechos alegados en la querella de epígrafe. Expuso, además, que existía una resolución emitida el 10 de julio de 2024, mediante la cual el foro de instancia le había autorizado a VAL la deposición de dos (2) testigos anunciados por él. Así pues, arguyó que dicho dictamen constituía la ley del caso y, como resultado, el TPI venía obligado a conceder su solicitud.

Por otra parte, el 25 de noviembre de 2024, VAL presentó su *Oposición a "Moción Informativa y en Solicitud de Orden para Compeler a Dos Testigos a Deposición"*. La Recurrida arguyó que sus empleados no podían ser depuestos por el Peticionario ya que, como empleados gerenciales de VAL, formaban parte del pleito. Asimismo, señaló que el señor Vega Pacheco había agotado su derecho a un mecanismo de descubrimiento de prueba, a través del interrogatorio previamente cursado.

El 9 de diciembre de 2024, el TPI emitió una *Resolución Interlocutoria*, notificada el 16 de diciembre de 2024. Mediante el referido dictamen, el foro de instancia declaró *No Ha Lugar* la solicitud de deposición instada por el Peticionario. El TPI concluyó que la Sección 3 de la Ley 2-1961, 32 LPRA sec. 3118 *et. seq.*, limitaba el descubrimiento de prueba, de manera que solo se permite efectuar un mecanismo de descubrimiento de prueba a una misma parte.

Inconforme, el 26 de diciembre de 2024, el señor Vega Pacheco acudió ante nos mediante *Petición de Certiorari.* El Peticionario realizó los siguientes señalamientos de errores:

**El TPI incurrió en parcialidad, prejuicio y en error manifiesto de derecho cuando resolvió que la empleada de Recursos Humanos de la Querellada y un supervisor, eran *partes* y no testigos, fundamentando lo anterior en citas tergiversadas y alteradas por la Querellada del caso del Tribunal Supremo de *D[á]vila Rivera v. Antilles Shipping* que atiende dicho asunto e ignoró que dichos empleados hubieran sido identificados como testigos hostiles de la parte Querellante.**

**El TPI incurrió en parcialidad y en error manifiesto al no acatar la doctrina de la *Ley del Caso*, ya que no aplicó su propia Resolución de 8 de julio de 2024, que autorizó a Vieques Air Link, Inc. a que ampliara su descubrimiento de prueba mediante la toma de las deposiciones de testigos que tienen conocimiento del caso de *D[á]vila Rivera*, pues no le permitió al Querellante, Julio A. Vega Pacheco, ampliar su descubrimiento de prueba mediante la toma de deposiciones de la empleada de Recursos Humanos y a quien fue su supervisor, y que indicaron bajo juramento tener conocimiento personal sobre los hechos alegados en la querella y a pesar de que la querella de epígrafe aún está en la etapa de descubrimiento de prueba.**

**El TPI incurrió en parcialidad y en error manifiesto al no acatar la Sección 7 de la Ley Núm. 2 de 1961, que dispone que en la práctica de la prueba se le concederá a las partes la mayor amplitud que sea posible mientras que tampoco aplicó la jurisprudencia que interpreta la Ley Núm. 2 de 1961 y que ha resuelto que la carga procesal más onerosa le es impuesta al patrono, resolviendo lo contrario, pues le amplió a la querellada su descubrimiento de prueba autorizando la toma de dos deposiciones de testigos, mientras le desautorizó lo mismo al querellante y a pesar de que ambas solicitudes se fundamentan en las mismas razones y fueron oportunas.**

El 7 de enero de 2025, VAL notificó su *Oposición a Expedición de Certiorari Interlocutorio.* Perfeccionado el recurso y contando con la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723,

728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation,* 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari,* la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari,* a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Ley Núm. 2-1961, también conocida como la "*Ley de Procedimientos Sumario de Reclamaciones Laborales*", 32 LPRA sec. 3118 *et. seq.*, provee un procedimiento sumario para la tramitación y adjudicación de pleitos laborales. La esencia del trámite sumario creado por la Ley Núm. 2-1961, *supra,* es proveer un mecanismo judicial para que se consideren y adjudiquen querellas de obreros o empleados de manera rápida, principalmente en casos de reclamaciones salariales y beneficios. *Bacardí Corporation v. Torres Arroyo*, 202 DPR 1014, 1019 (2019) *Medina Nazario v. McNeil Healthcare LLC*, *supra*, pág. 732. Con su adopción, el legislador pretendió brindarle a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas que éstos presenten contra sus patronos. *Vizcarrondo Morales v.*

*MVM, Inc.,* 174 DPR 921, 928 (2008); *Rivera v. Insular Wire Products Corp.,* 140 DPR 912, 923 (1996).

La naturaleza de este tipo de reclamación exige celeridad en su tramitación, pues de esta forma se adelanta la política pública de proteger al obrero y desalentar el despido injustificado. *Izagas Santos v. Family Drug Center,* 182 DPR 463, 480 (2011). Con el fin de adelantar su propósito, la ley estableció lo siguiente:

> (1) términos cortos para la contestación de la querella presentada por el obrero o empleado; (2) criterios para la concesión de una sola prórroga para contestar la querella; (3) un mecanismo para el emplazamiento del patrono querellado; (4) el procedimiento para presentar defensas y objeciones; (5) criterios para la aplicación de las Reglas de Procedimiento Civil; (6**) una limitación específica sobre el uso de los mecanismos de descubrimiento de prueba**; (7) una prohibición específica de demandas o reconvenciones contra el obrero o empleado querellante; (8) la facultad del tribunal para dictar sentencia en rebeldía cuando el patrono querellado no cumpla con los términos provistos para contestar la querella, y (9) los mecanismos para la revisión y ejecución de las sentencias y el embargo preventivo. *Rivera v. Insular Wire Products Corp.*, supra, págs. 923-924. *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016).

(Énfasis suplido)

Reiteradamente nuestro más Alto Foro ha expresado que "*[l]a esencia y médula del trámite fijado para casos sobre reclamaciones de salarios consagrado en la Ley Núm. 2 [...] constituye el procesamiento sumario y su rápida disposición. Desprovisto de esta característica, resulta un procedimiento ordinario más [...]*". (Citas omitidas). *Rodríguez et al. v. Rivera et al.,* 155 DPR 838, 856 (2001). Es por ello que, la Ley de Procedimiento Sumario de Reclamaciones Laborales introdujo a nuestro ordenamiento jurídico un trámite especial y expedito para atender las querellas relacionadas con disputas laborales presentadas por empleados o empleadas, u obreros u obreras en contra de sus patronos. En estos casos se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley. *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico,* 207 DPR 339, (2021). (Citas omitidas).

Como podrá observarse, el procedimiento sumario creado por la Ley Núm. 2-1961, *supra*, es uno abarcador que al hacer un balance de los intereses envueltos impone la carga procesal más onerosa al patrono, sin que esto signifique que este queda privado de defender sus derechos. *Rivera v. Insular Wire Products Corp.*, *supra*, pág. 924. En vista de su carácter reparador, esta ley debe ser interpretada liberalmente a favor del empleado. (Cita omitida). *Ruiz v. Col. San Agustín*, 152 DPR 226, 232 (1998).

La Sección 3 de la Ley 2-1961, *supra*, regula la manera en que las partes y el tribunal deben proceder durante la tramitación del proceso laboral sumario. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 930 (2008). Atinente a la controversia ante nos, la referida sección expresamente limita los mecanismos de descubrimiento de prueba disponibles para las partes. *Íd.* Específicamente, dispone lo siguiente:

> **[N]inguna de las partes podrá someter más de un interrogatorio o deposición ni podrá tomar una deposición a la otra parte después que le haya sometido un interrogatorio, ni someterle un interrogatorio después que le haya tomado una deposición, excepto que medien circunstancias excepcionales**. *Íd.*

(Énfasis suplido)

Por otra parte, en *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 501 (1999), el Tribunal Supremo de Puerto Rico tuvo la oportunidad de expresarse en relación con el alcance de la revisión judicial de resoluciones interlocutorias dictadas en un procedimiento sumario instado al amparo de la Ley Núm. 2-1961, *supra*. Allí expresó lo siguiente:

> De una lectura de los preceptos anteriores se desprende que el legislador no tuvo la intención expresa de que estuviera disponible un mecanismo de revisión directa de las resoluciones interlocutorias. Más aún, en todos los debates celebrados en la Cámara y el Senado en torno al P. del S. 194 --que dio origen a la ley que analizamos**-- no se hizo mención de la posibilidad de que tales resoluciones interlocutorias fueran revisables**. Todo lo anterior abunda a nuestra conclusión de que la revisión de resoluciones interlocutorias es contraria al carácter sumario del procedimiento y que, debido a ello, debemos autolimitar nuestra facultad al efecto. *Íd.*, pág. 496.

Concluyó el Tribunal Supremo de Puerto Rico en *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, *supra*, pág. 349, lo siguiente:

[…] En *Dávila, Rivera v. Antilles Shipping, Inc., supra*, reconocimos que esta norma de autolimitación de revisión contempla una serie de instancias en las que una resolución interlocutoria sí es revisable por este Tribunal Supremo o por el Tribunal de Apelaciones, según corresponda. A estos efectos, a modo de excepción, concluimos que los tribunales apelativos deben mantener y ejercer su facultad para revisar mediante *certiorari* aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado según la Ley Núm. 2 en las siguientes instancias: **(1) cuando el foro primario haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia**. *Íd.*, pág. 498. Véase, además, (citas omitidas). En estas instancias, el carácter sumario y la celeridad que caracterizan a los procedimientos tramitados bajo la Ley Núm. 2 ceden y los foros apelativos pueden revisar determinada resolución interlocutoria.

(Énfasis suplido)

Así las cosas, nuestro más Alto Foro, ha reiterado que las resoluciones interlocutorias que emita el Tribunal de Primera Instancia no son revisables por este tribunal. *Dávila, Rivera v. Antilles Shipping, Inc., supra*, a la pág. 497. En función del interés protegido por esta legislación social, consistentemente hemos destacado la importancia de asegurar que los trámites judiciales encaminados bajo el palio de la Ley Núm. 2-1961, *supra*, no pierdan su esencia expedita. *Ruiz Camilo v. Trafon Group, Inc., supra.* Por lo tanto, corresponde a los tribunales asegurar la estricta observancia del proceso sumario […]". *León Torres v. Rivera Lebrón*, 204 DPR 20, 33 (2020).

### III.

En el caso de marras, el señor Vega Pacheco nos solicita que revisemos una *Resolución Interlocutoria*, mediante la cual el TPI denegó su solicitud para deponer a dos (2) empleados de VAL, luego de ya haberle sometido un interrogatorio a la corporación.

Según hemos reseñado, las reclamaciones instadas al amparo del procedimiento sumario consagrado en la Ley 2-1961, *supra*, exigen celeridad en su tramitación. De tal modo que, el aludido estatuto limita el uso de mecanismos de descubrimiento de prueba. La Sección 3 de la Ley 2-1961, *supra*, únicamente permite efectuar un solo mecanismo de descubrimiento de prueba a una misma parte.

Por otro lado, la Ley 2-1961, *supra,* también limita nuestra facultad revisora sobre los dictámenes interlocutorios emitidos por el foro de instancia. No obstante, nuestro más Alto Foro ha reconocido las siguientes instancias en las que podemos revisar aquellas resoluciones interlocutorias dictadas en un procedimiento sumario tramitado bajo la Ley 2-1961: (1) cuando el foro actuó sin jurisdicción; (2) en situaciones en las que la revisión inmediata disponga del caso por completo, y; (3) cuando nuestra intervención tenga el efecto de evitar una grave injusticia. *Dávila, Rivera v. Antilles Shipping , Inc., supra.*

Luego de examinar el expediente a la luz de los criterios esbozados no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. De igual manera, no nos parece que la resolución recurrida sea contraria a derecho, o que hubiera mediado prejuicio, parcialidad o abuso de discreción por parte del foro primario. Por todo lo cual, no procede nuestra intervención en esta etapa del procedimiento.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones