ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **VINCENZ BUHLER**<br><br>Peticionario<br><br><br>vs.<br><br><br>**DEXGRID, INC., y otros**<br><br>Recurrido | KLCE202500102 | *CERTIORARI* acogido como **APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de **San Juan**<br><br>Civil Núm.: **SJ2023CV12039**<br><br>Sobre: Despido Injustificado (Ley Núm. 80), Procedimiento Sumario (Ley Núm. 2) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 24 de febrero de 2025.

Mediante *Certiorari* presentado el 3 de febrero de 2025, comparece ante nos el señor Vincenz Buhler (en adelante, señor Buhler o parte apelante) y solicita nuestra intervención para que revisemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 11 de diciembre de 2024, notificada el 13 de diciembre de 2024. En el referido dictamen, el TPI desestimó la querella instada contra el señor Nicolas Billeaud en su carácter personal (en adelante, señor Billeaud o parte apelada). Lo anterior, dentro de un pleito incoado al amparo de la Ley Núm. 2, *infra*.

Por tratarse de una *Sentencia Parcial* a la cual se le incluyó la frase de que no existe razón para postergar emitir la sentencia parcial, acogemos el recurso como una apelación. Sin embargo, se

mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones por cuestiones de economía procesal.

Por los fundamentos que expondremos a continuación, se desestima el recurso por falta de jurisdicción.

## I.

El 29 de diciembre de 2023, el señor Buhler presentó una *Querella* sobre despido injustificado e incumplimiento de contrato en contra de Dexgrid, Inc. y el señor Billeaud, entre otros. El querellante se acogió al procedimiento sumario de la Ley Núm. 2, *infra*. En esencia, alegó que trabajó para Dexgrid desde octubre de 2019 hasta el 5 de enero de 2023, cuando fue despedido injustamente mediante correo electrónico. Adujo que entre las partes existía un contrato de empleo sin término fijo. Esbozó que el señor Billeaud utilizó su posición como Director Ejecutivo de la corporación y violó los propios reglamentos de ésta para separarlo de su trabajo y responsabilidades. Añadió que la parte querellada lo trató como si fuera un contratista y dejó de pagar el seguro social y las contribuciones correspondientes.

Además, arguyó que las mencionadas acciones por parte de Dexgrid, Inc. y el señor Billeaud, patrono constituyeron un incumplimiento de contrato de empleo, por lo que tenía derecho a que se le concediera una compensación por concepto de daños y perjuicios, incluyendo la reinstalación, salarios y beneficios dejados de percibir, daños morales y angustias mentales. Estimó los daños en una suma no menor de $100,000.00. Precisó que su despido fue injustificado y que le correspondía una mesada de acuerdo con la ley, en una cantidad no menor de $13,153.84, más los honorarios de abogado.

Dexgrid contestó la *Querella* el 29 de mayo de 2024. Mediante la misma, negó algunas alegaciones y aceptó otras. Como defensa afirmativa, incluyó, entre otras cosas, que el señor Buhler no tenía

derecho a la indemnización por concepto de despido injustificado y que éste nunca suscribió un contrato de empleo con la corporación. Especificó que el señor Buhler no fue contratado por la corporación como empleado. Puntualizó que le pagó al señor Buhler toda y cualquier cantidad a la cual éste hubiera tenido derecho. Por su parte, el señor Billeaud contestó la *Querella* el 30 de mayo de 2024.

Tras varios trámites, el 22 de octubre de 2024, el señor Billeaud presentó una *Moción de Desestimación.* En esencia, discutió que procedía la desestimación de la querella instada en su contra en su carácter personal por dejar de exponer una reclamación que justificara la concesión de un remedio a favor del señor Buhler. Este último se opuso a la antedicha solicitud el 12 de noviembre de 2024.

Llegado a este punto, el 13 de noviembre de 2024, el Tribunal de Primera Instancia dictó la *Sentencia Parcial* que hoy revisamos. Según adelantamos, el TPI declaró Ha Lugar la moción de desestimación incoada por el señor Billeaud. El foro de instancia razonó que no existían alegaciones contra el señor Billeaud fuera del marco de la relación obrero patronal entre éste y el señor Buhler. En consecuencia, desestimó la causa de acción incoada en contra de señor Billeaud en su carácter personal.

Inconforme con lo resuelto por el tribunal primario, el 27 de diciembre de 2024, el señor Buhler solicitó reconsideración, a la cual se opuso el señor Billeaud oportunamente. Mediante *Resolución Interlocutoria* emitida el 22 de enero de 2025, notificada el día siguiente, el TPI declaró *No Ha Lugar* el petitorio de reconsideración del señor Buhler.

Aun en desacuerdo, el 3 de febrero de 2025, el señor Buhler incoó ante nos el recurso apelativo bajo nuestra consideración. En el mismo plantea que:

Erró el Tribunal de Primera Instancia al aplicar incorrectamente la Regla 10.2(5) de Procedimiento Civil al no aceptar como ciertos los hechos alegados en la Querella, tal como lo exige la jurisprudencia en *Pressure Vessels P.R. v. Empire Gas P.R.,* 137 DPR 497, 504-05 (1994).

Erró el Tribunal de Primera Instancia al no interpretar las alegaciones de manera liberal a favor del apelante-recurrente, como lo requiere *Roldán Rosario v. Lutrón, S.M.,* 151 DPR 883, 889-890 (2000).

Erró el Tribunal de Primera Instancia al concluir que el apelante-recurrente no podía prevalecer aún si sus alegaciones eran ciertas, aplicando incorrectamente la excepción reconocida en *Figueroa Piñero v. Miranda Eguía, Inc.,* 83 DPR 554, 558 (1961).

Erró el Tribunal de Primera Instancia al no evaluar correctamente la responsabilidad personal del señor Nicolás Billeaud bajo la Ley 115 de 1991, que prohíbe las represalias contra empleados.

Erró el Tribunal de Primera Instancia al no considerar la doctrina del levantamiento del velo corporativo, la cual permite atribuir responsabilidad personal a individuos cuando estos utilizan la corporación como un mecanismo para evadir sus responsabilidades legales.

Erró el Tribunal de Primera Instancia al desestimar el caso sin permitir el descubrimiento de prueba, privando al apelante-recurrente de la oportunidad de presentar evidencia adicional sobre la conducta del señor Nicolas Billeaud.

Erró el Tribunal de Primera Instancia en la aplicación de la Ley 80 de 1976 sobre despido injustificado.

Por su parte, el 10 de febrero de 2025, el señor Billeaud instó una solicitud de desestimación por falta de jurisdicción. Entre otras cosas, argumentó que procedía la desestimación del recurso por este Foro carecer de jurisdicción para considerar sus méritos. Adujo que el escrito se presentó fuera del término jurisdiccional de diez (10) días que provee la Ley Núm. 2, *infra.*

**II.**

**A.**

La *Ley de Procedimiento Sumario de Reclamaciones Laborales,* Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118, *et seq.,* provee un trámite especial para atender las querellas relacionadas

con las disputas laborales presentadas por empleados u obreros en contra de sus patronos. *León Torres v. Rivera Lebrón,* 204 DPR 20 (2020), citando a *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254 (2018). Este mecanismo se distingue por la celeridad con la cual se deben encausar estos procesos judiciales. El carácter sumario constituye la médula de esta ley. *Íd.*[1]

A través de la enmienda a la sec. 9 de la Ley Núm. 2, *supra*, efectuada mediante la Ley Núm. 133-2014, 32 LPRA sec. 3127, se redujeron los periodos para solicitar revisión en casos tramitados bajo el procedimiento sumario. Así, las apelaciones en este tipo de litigio se deben presentar ante el Tribunal de Apelaciones dentro del término jurisdiccional de diez (10) días desde la notificación de la sentencia recurrida. *León Torres v. Rivera Lebrón,* supra.

En *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016), nuestro Tribunal Supremo instituyó que la reconsideración de una resolución interlocutoria es incompatible con el procedimiento sumario laboral provisto por la Ley Núm. 2, *supra.*

Cónsono con lo anterior, en *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439 (2016), el Tribunal Supremo de Puerto Rico estableció que **la reconsideración de una sentencia final es igualmente incompatible con el trámite sumario laboral de la Ley Núm. 2**, *supra*, por lo que las sentencias dictadas en un pleito tramitado al amparo de ese procedimiento no pueden ser objeto de reconsideración. *Patiño Chirino v. Parador Villa Antonio*, supra, pág. 450. (Énfasis nuestro).

En función del interés protegido por esta legislación social, resulta imperativo que los trámites judiciales encaminados bajo la Ley Núm. 2 no pierdan su naturaleza expedita. *Ruiz Camilo v. Trafon Group, Inc.,* supra. Por lo tanto, corresponde a los tribunales

---

[1] Véase, además, *Class Fernandez v. Metro Health Care Management System*, Inc., 2024 TSPR 63, 213 DPR ___ (2024).

asegurar la estricta observancia del proceso sumario y les está vedado conceder prórrogas que no se ajusten al mandato legislativo. *Ruiz v. Col. San Agustín,* 152 DPR 226 (2000).

**B.**

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank,* 204 DPR 374, 385-386 (2020). Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.,* citando a *Peerless Oil v. Hnos. Torres Pérez,* 186 DPR 239, 249 (2012) y otros. Así, "cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *Allied Management Group, Inc. v. Oriental Bank,* supra, pág. 387.

**III.**

Procedemos a atender con primacía el asunto jurisdiccional traído a nuestra atención por la parte apelada. Específicamente esta alega que el recurso de epígrafe se presentó de forma tardía, por lo que resulta forzoso desestimarlo.

El caso de autos se ventila en los tribunales bajo el procedimiento sumario que provee la Ley Núm. 2. No surge del expediente que se haya ordenado su conversión a uno ordinario. La parte apelante impugna una *Sentencia Parcial* notificada por el TPI el **13 de diciembre de 2024**. Por tanto, contaba con diez (10) días, de carácter jurisdiccional, desde la notificación de la sentencia en cuestión para instar su recurso apelativo. Esto es, hasta el lunes,

**23 de diciembre de 2024**. En atención a que dicha fecha fue decretada como cierre total por el Poder Judicial de Puerto Rico, el término vencía el próximo día laborable, entiéndase, el jueves, **26 de diciembre de 2024**.[2]

El récord del caso de autos revela que el **27 de diciembre de 2024** la parte apelante solicitó la reconsideración del pronunciamiento objetado, aun cuando ello es claramente incompatible con el procedimiento sumario laboral de la Ley Núm. 2, *supra,* al que se acogió al presentar su *Querella. Patiño Chirino v. Parador Villa Antonio,* supra. Es decir, la referida solicitud de reconsideración no interrumpió el término para acudir ante este Foro. Lo anterior ocasionó que el escrito bajo nuestra consideración se presentara tardíamente el **3 de febrero de 2025**, vencido el término jurisdiccional aplicable.

En conclusión, resulta evidente que carecemos de jurisdicción para atender los méritos del recurso de referencia. En consecuencia, solo nos compete desestimarlo.

**IV.**

Por las consideraciones que preceden, se declara *Ha Lugar* la *Moción de Desestimación* instada por el señor Billeaud. Procede la desestimación del recurso por falta de jurisdicción. Regla 83 (B)(1) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83(B)(1).

Lo acordó y lo manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[2] Véanse, *In re: Extensión de términos por motivo de concesión de los días 28 de marzo, 26 de julio, 29 de noviembre, 23, 24, 30 y 31 de diciembre de 2024; 17 de abril, 28 de noviembre, 24 y 31 de diciembre de 2025 y 5 de enero de 2026,* EM-2024-01, 2024 TSPR 2, y la Orden Administrativa Núm. OAJP-2023-111 de 16 de octubre de 2023 de la Jueza Presidenta del Tribunal Supremo de Puerto Rico.