EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Adolfo Ruiz Rivas | |
| Demandante-Recurrente | Certiorari |
| v. | 2000 TSPR 147 |
| Colegio San Agustín | |
| Demandado-Recurrido | |

Número del Caso: CC-1999-0372

Fecha: 05/octubre/2000

Tribunal de Circuito de Apelaciones:

Circuito Regional IV

Juez Ponente:

Hon. Roberto L. Córdova Arone

Abogado de la Parte Demandante-Peticionaria:

Lcdo. Osvaldo Ortiz Medina

Abogado de la Parte Demandada-Recurrida:

Lcdo. Harry N. Padilla Martínez

Materia: Reclamación Laboral

Este documento constituye un documento oficial del Tribunal Supremo que está
sujeto a los cambios y correciones del proceso de compilación y publicación
oficial de las decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Adolfo Ruiz Rivas

    Querellante-recurrente

        vs.                CC-1999-372      CERTIORARI

Colegio San Agustín

    Querellado-recurrido

PER CURIAM

San Juan, Puerto Rico a 5 de octubre de 2000

**El 27 de febrero de 1998, el recurrente, Adolfo Ruiz Rivas, presentó querella ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Cabo Rojo, contra su patrono, el Colegio San Agustín, al amparo de la Ley Núm. 80, de 30 de mayo de 1976, 29 L.P.R.A. sec. 185 *et seq* (Ley Núm. 80), y la Ley Núm. 100 de 29 de junio de 1969, 29 L.P.R.A. sec. 146 *et seq* (Ley Núm. 100), acogiéndose al procedimiento sumario establecido en la Ley Núm. 2 de 17 de octubre de 1961, 32 L.P.R.A. sec. 3118 *et seq* (Ley Núm. 2).**

**A base de las alegaciones, el querellante reclamó que se ordenara al Colegio San Agustín satisfacerle una suma ascendente a $44,222.96, más**

la cantidad de $14,000 en concepto de honorarios de abogado. El Colegio fue notificado por conducto de su directora, la Sra. Elba Santana, el 10 de marzo de 1998. La notificación indicaba que la reclamación había sido presentada al amparo de la Ley Núm. 2 y que debía ser contestada dentro de diez (10) días a partir de la notificación.

El 24 de marzo de 1998, catorce (14) días después de haber sido emplazado, el querellado presentó su contestación a la querella, sin haber solicitado prórroga alguna respecto al término para contestar ni haber demostrado, bajo juramento, motivos justificativos de su tardanza, elementos ambos requeridos por la Sección 3 de la citada Ley Núm. 2. En esencia, en dicha contestación el querellado negó que hubiese discriminado contra el señor Ruiz, y alegó que éste fue cesanteado por razones estrictamente económicas. Además, alegó que el querellante no podía realizar eficientemente las funciones de su puesto.

Así las cosas, el 24 de abril de 1998, el querellante presentó moción solicitando que se anotara la rebeldía del querellado y se dictara sentencia en su contra, por haber éste contestado fuera del término establecido en la Ley Núm. 2. El 11 de mayo de 1998, el foro de instancia mediante resolución denegó la solicitud de rebeldía y señaló fecha para una conferencia con antelación al juicio.

Inconforme con dicha resolución, el 12 de junio de 1998, el querellante presentó recurso de *certiorari* ante el Tribunal de Circuito de Apelaciones. El 31 de agosto de 1998, y por razón de no surgir de los autos copia del diligenciamiento de notificación de la querella a la parte querellada, el foro apelativo intermedio denegó la expedición del recurso. Posteriormente, el 27 de octubre de 1998, el querellante presentó <u>ante el foro de instancia</u> el diligenciamiento de la notificación. Del mismo se desprende que, efectivamente, el querellado fue emplazado el 10 de marzo de 1998, a las 10:30am, por conducto de su directora, señora Elba Santana.

Nuevamente, el 16 de noviembre de 1998, el querellante presentó moción ante el tribunal de instancia solicitando que se anotara la rebeldía del querellado y se dictara sentencia en rebeldía. El 1 de diciembre de 1998, por segunda vez, el foro de instancia se negó a anotar la rebeldía

del querellado y dictar sentencia en su contra. De esta segunda denegatoria, el querellante acudió al foro intermedio apelativo mediante recurso de *certiorari*. En esta ocasión, el 14 de abril de 1999, el Tribunal de Circuito de Apelaciones desestimó el recurso por falta de jurisdicción; apoyó su determinación desestimatoria en la decisión que emitiéramos en <u>Dávila</u> v. <u>Antilles Shipping, Inc.</u>, res. el 12 de febrero de 1999, 99 TSPR 12, al efecto de que las resoluciones interlocutorias emitidas bajo el procedimiento sumario de reclamaciones laborales no son revisables excepto cuando se dicten sin jurisdicción o cuando los fines de la justicia requieran la intervención del foro apelativo.

Inconforme, el 17 de mayo de 1999, el querellante acudió ante nos mediante petición de *certiorari*. Planteó que el foro intermedio apelativo había errado:

> "...al determinar que no tenía jurisdicción para revisar la resolución interlocutoria dictada por el Tribunal de Primera Instancia en donde se niega a anotar la rebeldía y a dictar sentencia contra el querellado cuando éste no contestó la querella dentro del término fatal de 10 días ni solicitó prorroga bajo juramento conforme lo dispone 32 L.P.R.A. sec. 3120 ni existen circunstancias de tal naturaleza que le permitan al juzgador apartarse del mandato legislativo".

El 9 de julio de 1999, expedimos el recurso. Contando con la comparecencia de ambas partes, procedemos a resolver el mismo.

I

La Ley Núm. 2 provee un mecanismo procesal sumario mediante el cual se persigue lograr la rápida consideración y adjudicación de querellas presentadas por empleados u obreros contra sus patronos. La naturaleza de este tipo de reclamación exige celeridad en su trámite para así alcanzar los propósitos legislativos de proteger el empleo, desalentar el despido sin justa causa y proveer al obrero así despedido recursos económicos entre un empleo y otro. <u>Rivera Rivera</u> v. <u>Insular Wire Products, Corp.</u>, res. el 24 de mayo de 1996, 140 D.P.R.___ (1996). En vista de su carácter reparador, esta ley debe ser interpretada liberalmente a favor del empleado. <u>Piñero González</u> v. <u>A.A.A.</u>, res. el 23 de octubre de 1998, 98 TSPR 141.

Para lograr sus propósitos legislativos, la Ley Núm. 2 dispone un trámite procesal que, permitiéndole al patrono vindicar sus derechos, es más oneroso para éste. Rivera Rivera, ante. Por ejemplo, dicha ley dispone términos cortos para contestar la querella, criterios estrictos para conceder una prórroga para contestar la querella, limitaciones sobre el uso de mecanismos sobre descubrimiento de prueba, etc. Véase sección 3 de la Ley Núm. 2, 32 L.P.R.A. § 3120. Lo anterior no impide que, el tribunal, ante un planteamiento oportuno y luego de evaluar los intereses de las partes, decida tramitar la querella de forma ordinaria. Berríos Heredia v. González, res. el 15 de junio de 2000, 2000 TSPR 87.

**Acorde con la esencia sumaria del procedimiento de la Ley Núm. 2, en Dávila v. Antilles Shipping, Inc., ante, decidimos autolimitar nuestra facultad revisora y la del Tribunal de Circuito de Apelaciones en relación con las resoluciones interlocutorias que se dicten en dichos procedimientos. En consecuencia, como regla general, la parte que pretenda impugnar resoluciones interlocutorias deberá esperar hasta la sentencia final.**

**Ciertamente la norma de autolimitación no es absoluta. En Dávila, ante, establecimos como excepción, que se pueden revisar las resoluciones interlocutorias que se hayan dictado sin jurisdicción por el tribunal de instancia y en casos extremos en los cuales los fines de la justicia requieran la intervención del foro apelativo; esto es, en aquellas situaciones en que la revisión inmediata, en esa etapa, disponga del caso, o su pronta disposición, en forma definitiva o cuando dicha revisión inmediata tenga el efecto de evitar una "grave injusticia" ("miscarriage of justice"). Dávila v. Antilles Shipping Inc., ante.**

**Ahora bien, al establecer la referida norma de autolimitación, especificamos que su aplicación sería prospectiva; es decir, la misma es aplicable a los recursos presentados a partir del 12 de febrero de 1999, fecha en que emitimos la referida decisión. Por lo tanto, en el caso de autos, habiéndose presentado el recurso ante el Tribunal de Circuito de Apelaciones el 4 de enero de 1999, la norma de Dávila v. Antilles Shipping, Inc., ante, no es de aplicación. Por consiguiente, forzosa resulta la**

conclusión de que erró el foro intermedio apelativo al aplicar retroactivamente la antedicha norma y determinar que carece de jurisdicción para atender el recurso de revisión en el caso de autos.

## II

La discusión anterior, naturalmente, no dispone de la controversia ante nos; es menester dilucidar otro asunto: si el foro de instancia actuó correctamente al denegar la anotación de rebeldía y al negarse a dictar sentencia en rebeldía.

Como es sabido, la Sección 3 de la citada Ley Núm. 2 dispone, en lo pertinente, que:

> "El secretario del tribunal notificará a la parte querellada con copia de la querella, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga..." 32 L.P.R.A. 3120

Luego, la sección 4 de la misma Ley, reza:

> "Si el querellado no radicara su contestación a la querella en la forma y el término dispuesto en la sec. 3120 de este título, el juez dictará sentencia contra el querellado, a instancias del querellante, concediendo el remedio solicitado."

De lo anterior se desprende claramente que el incumplimiento con los términos para contestar una querella exige que el tribunal conceda el remedio solicitado por la parte querellante, a menos que dentro de dicho término la parte querellada presente una solicitud de prórroga juramentada en la que exponga los hechos que la justifican. Valentín v. Housing, res. el 9 de octubre de 1998, 98 TSPR 129.

Interpretando esta norma, hemos dicho que, de ordinario, los tribunales de instancia tienen el deber de darle estricto cumplimiento al

procedimiento sumario de esta Ley y que carecen de jurisdicción para concede prórrogas en casos en que no se cumpla con lo ordenado. Este es un mandato legislativo que generalmente no está sujeto a la discreción del tribunal. Mercado Cintrón v. Zeta Communications, Inc., res. el 7 de abril de 1994, 135 D.P.R. 737(1994). Sin embargo, en otras ocasiones, cuando los hechos así lo han requerido, hemos sido más flexibles en la interpretación de la Ley Núm. 2. En relación con ello, en Mercado Cintrón, ante, aclaramos que las circunstancias especiales que requieran alguna flexibilidad no pueden ser utilizados para soslayar o subvertir el precepto de rapidez en el trámite judicial contenido en la Ley Núm. 2.

En el caso de autos, el tribunal de instancia no le dio estricto cumplimiento a las disposiciones de la Ley Núm. 2. El foro de instancia aceptó la contestación a la querella a pesar de que habían transcurrido más de los diez días que dispone la Ley para contestar, sin que la parte querellada hubiese presentado previamente una moción de prórroga, debidamente notificada al querellante, como exige la Ley Núm. 2. Además, el querellado no expuso bajo juramento los motivos que justificaban su dilación, como expresamente lo requiere la Ley Núm. 2.

Ni siquiera bajo la limitada excepción que reconocimos en Valentín v. Housing, ante,[1] podía el foro de instancia actuar como lo hizo aquí. En dicho caso, resolvimos que, como caso excepcional, se justificaba flexibilizar la aplicación de la Ley Núm. 2 cuando surge del mismo expediente las causas que justifican la dilación de la radicación de la contestación a una querella. En ese caso, reconocimos que el tribunal puede, motu proprio y en el ejercicio de su discreción, conceder una extensión al término para contestar la querella si entiende que al así hacerlo evitará un fracaso de la justicia. En tales casos, nuestra función revisora estará limitada a determinar si el foro de instancia ha abusado de su discreción.

_____

[1] En Valentín v. Housing, ante, el querellado contestó dentro del término establecido en ley, diez (10) días, pero su contestación fue devuelta, por error del Secretario[a] del tribunal, con un memorando notificando que le faltaban unos sellos.

**En el caso de autos, nada surge de los autos de instancia que justifique prorrogar el término de diez (10) días para contestar la querella radicada. En ningún momento el querellado intentó justificar su tardanza ante el foro de instancia, como tampoco solicitó que se tramitara la querella por la vía ordinaria. Por tal razón debemos concluir que, el tribunal abusó de su discreción al aceptar la contestación, pues al no haberse cumplido con los requisitos de solicitud de prórroga y exposición de causa justificada, y al no surgir de los autos de instancia una causa que justificara una prórroga, el Tribunal de Primera Instancia debió anotarle la rebeldía al querellado.[2]**

## III

Por otro lado, respecto a las sentencias dictadas en rebeldía, bajo el procedimiento sumario de la Ley Núm. 2 y conforme a la norma establecida en Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809, 815 (1978), hemos resuelto que alegaciones concluyentes y determinaciones de derecho, al igual que hechos alegados incorrectamente, no son suficientes para sostener una determinación de responsabilidad del patrono. Debemos tener presente que, para que se pueda dictar sentencia en rebeldía, la parte querellante debe haber hecho alegaciones de hechos específicos en su querella, hechos que al anotarse la rebeldía se dan por admitidos. Además, los daños generales reclamados, al no constituir una suma líquida, tienen que probarse; no es suficiente con simplemente alegar que los daños montan o suman a la cantidad reclamada. Bajo cualesquiera circunstancias, la cuantía de los daños debe ser objeto de prueba. Véase, además: Rivera v. Insular Wire, ante, y Rivera v. Goytía, 70 D.P.R. 30(1949). A la luz de estos principios, hemos establecido que en el descargo de la función judicial,

---

[2] **Finalmente, es menester señalar que el querellado intentó justificar su tardanza, por primera vez, ante el Tribunal de Circuito de Apelaciones, cuando adujo que la tardanza se debía a que la contestación había sido remitida por correo el 20 de marzo de 1998, dentro del término de diez (10) días para contestar, pero que la misma había sido recibida y ponchada en el tribunal vencido el término. Sin embargo, la razón que expone el querellado para justificar su tardanza de modo alguno constituye una circunstancia especial que amerite que flexibilicemos la interpretación de la Ley Núm. 2.**

el tribunal deberá celebrar las vistas que crea necesarias y adecuadas para comprobar cualquier alegación. Rivera v. Insular Wire, ante.

**En cuanto a la adjudicación de un pleito en rebeldía hemos expresado que:**

> "...los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. Para el descargo de tan delicado ministerio, la ley reconoce que el proceso de formar consciencia judicial exige la comprobación 'de cualquier aseveración' mediante prueba. A tal efecto, el tribunal 'deberá celebrar las vistas que crea necesarias y adecuadas'. Y con referencia a una parte demandada en rebeldía --que ha comparecido previamente-- le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia.  No renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción a favor del reclamante. En otras palabras, un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante; el demandado no admite hechos incorrectamente alegados como tampoco conclusiones de derecho". (Citas omitidas.) Continental Ins. Co. v. Isleta Marina, ante, pág. 817.

A tenor con los principios antes esbozados, pasamos a analizar las alegaciones contenidas en la querella del caso de epígrafe con el propósito de determinar si las mismas contienen hechos suficientes para la concesión de una sentencia en rebeldía.

En la querella y en lo que respecta a las reclamaciones al amparo de la Ley Núm. 80 y la Ley Núm. 100, el obrero querellante hace las siguientes alegaciones:

> "        .     .     .
> 2.    Que el querellante trabajó por 16 años en mantenimiento en el Colegio San Agustín ubicado en la Calle Baldorioty en Cabo Rojo, Puerto Rico.
> 3.    Que para el 28 de febrero de 1995, el querellado (sic) fue despedido de su trabajo por razón de su edad sin que mediara otra causa y aunque el querellante ejercía sus funciones adecuadamente.
>           .     .     .
> 6.    Que el despido de querellante fue uno discriminatorio e injustificado por lo que éste está protegido por las disposiciones de la Ley 80.
> 7.    Que al momento de su despido, el Querellado Colegio San Agustín adeudaba al querellante las sumas que se indican a continuación:
>       a.    Derechos de mesada bajo la Ley 80
>             16 semanas x $126.28 = $2,020.48
>             1 mes de sueldo = $543.00
>       b.    Sueldos dejados de percibir
>             36 x 543.00 = $19,548.00

**DOBLE DAÑO = $44,222.96"**

De una lectura desapasionada de las alegaciones, al amparo de la Ley Núm. 100, debemos concluir que las mismas no son suficientes para sostener una sentencia en rebeldía sin vista, pues son conclusorias y carentes de hechos que las apoyen. Según hemos reiterado, el procedimiento sumario establecido por la Ley Núm. 2, "no es, ni puede ser una carta en blanco para la concesión de remedios a obreros que no han justificado adecuadamente, mediante alegaciones o prueba, hechos que avalen su derecho a lo reclamado". Rivera Rivera v. Insular Wire, ante.

Por tal razón, a pesar de que en este caso el querellado no cumplió con el término para contestar la querella, ni solicitó prórroga ni dio razones para su tardanza, y, por lo tanto, procedía en derecho la anotación de rebeldía en su contra bajo la Ley Núm. 2, no procede, sin embargo, dictar sentencia en rebeldía sin vista concediendo los remedios solicitados por el querellante al amparo de la Ley Núm. 100.

Igual no es la situación bajo la Ley 80 ya que, de las alegaciones de la querella, al interpretarse liberalmente las mismas, se puede concluir que se hizo una reclamación con suficientes hechos específicos, como para que se pueda dictar sentencia en rebeldía en cuanto al despido injustificado, bajo la Ley Núm. 80. A pesar de que las alegaciones de despido injustificado son sencillas y sucintas, las mismas son suficientes para conceder el remedio solicitado sin la celebración de una vista en rebeldía. Por lo tanto, al amparo de la Ley Núm. 80, el querellante tiene derecho a un remedio en rebeldía sin vista.

IV

Por las razones anteriormente expuestas, se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones, devolviéndose el caso al tribunal de primera instancia para que dicho foro dicte sentencia en rebeldía sin vista, en cuanto a la reclamación por despido injustificado al amparo de la Ley Núm. 80, ante, y continúe los procedimientos de forma consistente con lo aquí resuelto en relación con la reclamación bajo la antes citada Ley 100.

Se dictará Sentencia de conformidad.

CC-1999

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Adolfo Ruiz Rivas

     Querellante-recurrente

        vs.                     CC-1999-372     CERTIORARI

Colegio San Agustín

     Querellado-recurrido

SENTENCIA

San Juan, Puerto Rico a 5 de octubre de 2000

     Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida por el Tribunal de Circuito de Apelaciones, devolviéndose el caso al Tribunal de Primera Instancia, Subsección de Distrito, Sala de Cabo Rojo, para que dicho foro dicte sentencia en rebeldía sin vista, en cuanto a la reclamación por despido injustificado al amparo de la Ley Núm. 80, ante, y continúe los procedimientos de forma consistente con lo aquí resuelto en relación con la reclamación bajo la antes citada Ley 100.

     Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera Pérez emitió Opinión concurrente y disidente. El Juez Asociado señor Fuster Berlingeri concurre en el resultado sin opinión escrita. El Juez Asociado señor Corrada del Río disiente sin opinión escrita.

                             **Isabel Llompart Zeno**
                           **Secretaria del Tribunal Supremo**

CC-1999

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Adolfo Ruiz Rivas

Querellante-Recurrente

v.

CC-1999-372      Certiorari

Colegio San Agustín

Querellado-Recurrido

**Opinión concurrente y disidente emitida por el Juez Asociado señor Rivera Pérez.**

San Juan, Puerto Rico, a 5 de octubre de 2000.

A la luz de lo resulto en <u>Dávila Rivera v. Antilles Shipping, Inc.</u>, res. el 12 de febrero de 1999, 99 TSPR 12, 147 D.P.R. ___ (1999), 99 J.T.S. 10, y a tenor con el Artículo 4.002 (f) de la Ley de la Judicatura de 1994,[3] el Tribunal de Circuito de Apelaciones es el foro con competencia para entender en el asunto planteado en el caso ante nos.  Por tal razón, concurro con la parte                                I                                de

---

[3] **4 L.P.R.A. sec. 22k (f) y ss.  Dicho artículo dispone que será el Tribunal de Circuito de Apelaciones el foro competente para revisar, vía <u>certiorari</u>, cualquier resolución interlocutoria dictada por el Tribunal de Primera Instancia.  Véase además, Regla 53.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 53.1(e)(1).**

la Opinión. No obstante, disiento del resto de lo propuesto, por entender que lo procedente era devolver el asunto al Tribunal de Circuito de Apelaciones para que atendiera y dispusiera de los méritos de lo planteado en el recurso de <u>certiorari</u> presentado ante ese Tribunal.

I

El 27 de febrero de 1998, el querellante recurrente, señor Adolfo Ruiz Rivas, presentó querella ante el Tribunal de Primera Instancia, Subsección de Distrito, Sala de Cabo Rojo, contra su patrono, el Colegio San Agustín, al amparo de la Ley Núm. 80 de 30 de mayo de 1976,[4] y la Ley Núm. 100 de 29 de junio de 1969,[5] acogiéndose al procedimiento sumario establecido por la Ley Núm. 2 de 17 de septiembre de 1961.[6]

El querellado recurrido, Colegio San Agustín, fue notificado por conducto de su directora, señora Elba Santana, el 10 de marzo de 1998. La notificación indicaba que la reclamación había sido presentada al amparo de la Ley Núm. 2, <u>supra</u>, y que debía ser contestada dentro de los diez (10) días, a partir de la notificación.

El 24 de marzo de 1998, catorce (14) días después de haber sido emplazado, el querellado presentó su contestación a la querella, sin haber solicitado prórroga alguna respecto al término para contestar, ni haber demostrado, bajo juramento, motivos justificados para su tardanza.

El 23 de abril de 1998, el querellante solicitó al Tribunal de Primera Instancia que se anotara la rebeldía del querellado y se dictara sentencia en su contra, por haber éste contestado fuera del término establecido en la Ley Núm. 2, <u>supra</u>. El 11 de mayo de 1998, mediante resolución, el Tribunal de Primera Instancia denegó la solicitud de rebeldía y señaló fecha para una conferencia con antelación al juicio.

Inconforme con dicha resolución, el 12 de junio de 1998, el querellante presentó recurso de <u>certiorari</u> ante el Tribunal de Circuito de Apelaciones. El 31 de agosto de 1998, por razón de no surgir de los autos copia de la notificación de la querella a la parte querellada, el foro apelativo intermedio denegó la expedición del auto de <u>certiorari</u> solicitado.

El 27 de octubre de 1998, el querellante presentó ante el Tribunal de Primera Instancia el diligenciamiento de la notificación, del cual surgía que efectivamente el querellado había sido emplazado. El 16 de noviembre de 1998, el querellante volvió a solicitar ante dicho Tribunal que se anotara la rebeldía del querellado y se dictara sentencia de

---

[4] **29 L.P.R.A. sec. 185 y ss.**

[5] **29 L.P.R.A. sec. 146 y ss.**

[6] **32 L.P.R.A. sec. 3118 y ss.**

conformidad. El 1ro. de diciembre de 1998, por segunda vez, el Tribunal de Primera Instancia se negó a anotar la rebeldía del querellado y a dictar sentencia en su contra.

De esta segunda denegatoria, el 4 de enero de 1999, el querellante presentó nuevamente recurso de certiorari ante el Tribunal de Circuito de Apelaciones. Esta vez, mediante dictamen de 14 de abril de 1999, dicho Tribunal desestimó el recurso por falta de jurisdicción. Apoyó su determinación en la decisión de Dávila Rivera v. Antilles Shipping, Inc., supra, al efecto de que las resoluciones interlocutorias emitidas bajo el procedimiento sumario de reclamaciones laborales no son revisables, excepto cuando se dicten sin jurisdicción o cuando a los fines de la justicia requieran la intervención del foro apelativo.

El 17 de mayo de 1999 el querellante, inconforme, acudió ante nos mediante petición de certiorari, imputándole al Tribunal de Circuito de Apelaciones haber errado al determinar que no tenía jurisdicción para revisar la resolución interlocutoria dictada por el Tribunal de Primera Instancia, en donde éste se negaba a anotar la rebeldía del querellado y dictar sentencia en su contra.

Luego de examinar el recurso de autos, y a la luz de lo resulto en Dávila Rivera v. Antilles Shipping, Inc., supra, este Tribunal concluye que el Tribunal de Circuito de Apelaciones erró al aplicar retroactivamente la norma allí establecida y "al determinar que carec[ía] de jurisdicción para atender el recurso de revisión en el caso de autos". En Dávila Rivera v. Antilles Shipping, Inc., supra, este Tribunal claramente estableció que sería prospectiva la aplicación de la norma de autolimitación a nuestra facultad revisora y la del Tribunal de Circuito de Apelaciones, en relación con las resoluciones interlocutorias que se dicten en los procedimientos sumarios bajo la Ley Núm. 2, supra. Se aclaró que dicha norma sería aplicable a los recursos de certiorari presentados a partir del 12 de febrero de 1999. En el caso de autos, como bien señala la Opinión del Tribunal, era forzoso concluir que, habiéndose presentado el recurso de certiorari el 4 de enero de 1999 ante el Tribunal de Circuito de Apelaciones, la norma establecida en Dávila Rivera v. Antilles Shipping, Inc., supra, no era de aplicación.

Por tanto, coincidimos con el acápite I de la Opinión del Tribunal de que el Tribunal de Circuito de Apelaciones erró al determinar que carecía de jurisdicción para atender el recurso presentado ante sí.

No obstante, somos del criterio que lo procedente era devolver el recurso al Tribunal de Circuito de Apelaciones, el cual tiene competencia para entender en el mismo, con el propósito de que decidiera discrecionalmente si habría de ejercer su jurisdicción en este asunto. Opino, que es prematuro de parte de este Tribunal evaluar los méritos del recurso presentado ante el Tribunal de Circuito de Apelaciones, sin que este último pase juicio sobre el mismo. Es por esta razón que disentimos, muy respetuosamente, de lo expresado en el resto de la Opinión.

**Efraín E. Rivera Pérez**

**Juez Asociado**

**Efraín E. Rivera Pérez**

**Juez Asociado**