Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| **GERARDO MUÑOZ MIRANDA**<br><br>Parte Apelada<br><br>v.<br><br>**ZIMMER MANUFACTURING B.V. TAMBIEN CONOCIDA COMO ZIMMER BIOMET O ZIMMER**<br><br>Parte Apelante | KLAN202500282 | ***APELACIÓN***<br>procedente del Tribunal de Primera Instancia Sala Superior de **Ponce**<br><br>Caso Número:<br>**PO2024CV03480 (Salón 601)**<br><br>Sobre:<br><br>**DESPIDO INJUSTIFICADO (LEY NUM. 80)** |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Pérez Ocasio, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de mayo de 2025.

Comparece ante nos, Zimmer Manufacturing B.V., en adelante Zimmer o apelante, mediante el recurso de epígrafe, y nos solicita la revocación de la "*Sentencia*" notificada por el Tribunal de Primera Instancia, Sala Superior de Ponce, en adelante TPI-Ponce, el 25 de marzo de 2025. En el referido dictamen, el Foro Primario le anotó la rebeldía al apelante y declaró "*Ha Lugar*" la querella presentada por Gerardo Muñoz Miranda, en adelante Muñoz Miranda o apelado.

Por los fundamentos que expondremos a continuación, se *revoca* la "*Sentencia*" apelada.

**I.**

Surge del recurso ante nos que, el 3 de diciembre de 2024, el apelado presentó una "*Querella sobre Reclamación Laboral por Despido Injustificado*", ante el TPI-Ponce, bajo el procedimiento sumario de la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec.

Número Identificador

SEN2025 _____

3118 *et seq.*[1] En la misma, Muñoz Miranda esbozó que trabajó para Zimmer, en Ponce, Puerto Rico, desde el 11 de septiembre de 2000, y que, el *6 de diciembre de 2021*, fue despedido sin justa causa. Por esto, alegó que tenía derecho a una indemnización por parte del apelante, equivalente a seis (6) meses del salario devengado, y una indemnización progresiva equivalente a tres (3) semanas por cada año de servicio, para un total de sesenta mil trecientos veintisiete dólares con doce centavos ($60,327.12). Adicional a ello, planteó que tenía derecho a un mínimo de nueve mil cuarenta y nueve dólares con siete centavos ($9,049.07) en honorarios de abogados.

Igualmente, en este día, el apelado presentó una "*Moción Sometiendo Proyecto de Emplazamiento*".[2] El mismo fue diligenciado el 16 de diciembre de 2024.[3] Por consiguiente, el 2 de enero de 2024, Muñoz Miranda presentó una "*Moción Sometiendo Emplazamiento Diligenciado*".[4] Mediante esta, el apelado informó que, a pesar de que radicó la querella en Ponce, *emplazó a Zimmer* a través de su agente residente en CT Corporation Systems, ubicado *en San Juan*, Puerto Rico.

Asimismo, el 2 de enero de 2024, Muñoz Miranda presentó una "*Moción Solicitando Anotación de Rebeldía y Sentencia*".[5] En su escrito, el apelado alegó que había transcurrido el término jurisdiccional de diez (10) días desde el diligenciamiento del emplazamiento para que el apelante contestara la querella. Por lo cual, peticionó que se le anotara la rebeldía a Zimmer y que se dictara sentencia a su favor.

Al día siguiente, el 3 de enero de 2025, Zimmer presentó tres (3) mociones. Entre ellas, radicó una *"Moción de Desestimación"*.[6] En

---

[1] Apéndice del recurso, págs. 1-2.
[2] *Id.*, págs. 7-9.
[3] *Id.*, págs. 12-13.
[4] *Id.*, pág. 11.
[5] *Id.*, págs. 15-16.
[6] *Id.*, págs. 18-27.

la misma, alegó que la querella del apelado estaba prescrita, pues esta fue presentada posterior al término de un (1) año que dispone la Ley Núm. 80, supra, para radicar la causa de acción. Del mismo modo, planteó que el emplazamiento utilizado contenía defectos insalvables, debido a que el mismo informó erróneamente el término que tenía el apelante para contestar la querella, ya que el término correcto era de quince (15) días, conforme a la Ley Núm. 2, supra, por haberse diligenciado el emplazamiento fuera del distrito judicial en el cual se presentó la misma.

El apelante también presentó la *"Contestación a Querella"*, mediante la cual alegó que el despido del apelado estuvo justificado conforme a la Ley Núm. 80 del 30 de mayo de 1976, según enmendada, 29 LPRA sec. 185a *et seq.*[7] Señaló que Muñoz Miranda fue despedido por incurrir en conducta deshonesta, inapropiada y apartarse de los estándares de seguridad y calidad de la compañía. Además, arguyó que la causa de acción no justificaba la concesión de un remedio. Nuevamente, alegó que la querella estaba prescrita y que el emplazamiento diligenciado fue defectuoso por no exponer el término correcto que era aplicable. Por tanto, solicitó la desestimación con perjuicio del caso.

Por último, Zimmer presentó una *"Oposición a Moción Solicitando Anotación de Rebeldía y Sentencia".*[8] En su escrito, arguyó que no procedía la anotación de la rebeldía debido a las deficiencias en el emplazamiento. Igualmente, reiteró que, al estar prescrita la causa de acción, el apelado no era acreedor de los remedios solicitados.

Posteriormente, el 8 de enero de 2025, Muñoz Miranda presentó una *"Moción Solicitando Autorización para Desistir Con Perjuicio"*, mediante la cual aceptó que su reclamación estaba

---

[7] Apéndice del recurso, págs. 29-35.
[8] *Id.*, págs. 37-44.

prescrita.[9] No obstante, el mismo día, el TPI-Ponce notificó una "*Orden*", concediéndole un término de veinte (20) días al apelado para presentar su posición en cuanto al escrito en oposición a la anotación de la rebeldía presentada por el apelante.[10]

Al día siguiente, el 9 de enero de 2025, Muñoz Miranda presentó una "*Moción Solicitando Autorización para Retirar la Solicitud de Desistimiento*".[11] En la misma, informó que presentaría sus réplicas a la moción de oposición y desestimación del apelante, y solicitó que se autorizara el retiro de la petición de desistimiento. Así, entonces, el 14 de enero de 2025, el Foro Primario tomó conocimiento de lo esbozado y ordenó al apelado cumplir con la orden anterior.[12]

En consecuencia, el 23 de enero de 2025, el apelado presentó una "*Réplica a la Oposición a que se Anote la Rebeldía a la Querellada y se Emita Sentencia, y Ratificación de la Solicitud de Anotación de Rebeldía y Sentencia*".[13] En la misma, Muñoz Miranda aceptó que el emplazamiento diligenciado informó erróneamente del término que tenía el apelante para contestar la querella. No obstante, arguyó que dicho error se debió a una falla en los formularios provistos por el Tribunal. Planteó que el mismo era un mero error técnico susceptible de ser enmendado por el Foro Primario, de así autorizarlo. Además, arguyó que, de todos modos, Zimmer contestó la querella posterior al término jurisdiccional de quince (15) días, de manera que la misma fue tardía. Por lo cual, adujo que no procedía la desestimación, ya que el apelante renunció a la defensa de prescripción. En adición, razonó que su reclamación contenía alegaciones suficientes que justificaban la concesión de un

---

[9] Apéndice del recurso, pág. 46.
[10] *Id.*, pág. 48.
[11] *Id.*, págs. 50-51.
[12] *Id.*, pág. 52.
[13] *Id.*, págs. 54-65.

remedio. Por lo cual, reiteró su petición de que se dictara sentencia en rebeldía en contra de Zimmer.

Al día después, el 24 de enero de 2025, el apelante presentó una *"Dúplica a Réplica a Oposición a que se Anote la Rebeldía a la Querellada y se Emita Sentencia y Oposición a Ratificación de la Solicitud de Anotación de Rebeldía y Sentencia"*.[14] En la misma, resaltó que el apelado aceptó que el emplazamiento diligenciado fue defectuoso, incumpliendo con los requisitos de la Ley Núm. 2, supra. Con respecto al argumento de que las ineficiencias se debieron a un error en los formularios, el apelante señaló que los mismos proveen para que la parte querellante seleccione el término correcto.

Por otro lado, Zimmer también recalcó que el apelado reconoció que su reclamación estaba prescrita. Debido a lo cual, habiendo deficiencias procesales, el procedimiento debía llevarse a cabo por la vía ordinaria. De esta forma, alegó que tenía treinta (30) días para contestar la querella, siendo su comparecencia oportuna. Así mismo, reiteró su petición de desestimación, y se opuso a que el Foro Primario dictara sentencia en rebeldía, ya que la querella del apelado no justificaba la concesión de un remedio.

Posteriormente, el 25 de marzo de 2025, el TPI-Ponce notificó una *"Sentencia"*.[15] En su dictamen, el Foro Primario razonó que, a pesar de que el emplazamiento era defectuoso, el mismo cumplió con los requisitos de la Ley Núm. 2, supra, en cuanto al lugar y la persona que podrá recibir el mismo. Por ende, concluyó que el apelante quedó debidamente notificado de la acción judicial en su contra. En consecuencia, el TPI-Ponce expresó que, al no haber comparecido dentro del término de quince (15) días, el apelante no levantó la defensa de prescripción a tiempo y procedía dictar sentencia en rebeldía, conforme a la Ley Núm. 2, supra. Así, el

---

[14] Apéndice del recurso, págs. 67-73.
[15] *Id.*, págs. 77-105.

Tribunal declaró "*Ha Lugar*" la querella presentada por Muñoz Miranda. El mismo condenó al apelante al pago de la mesada por la cantidad de sesenta mil trecientos veintisiete dólares con doce centavos ($60,327.12) por concepto de mesada, y a nueve mil cuarenta y nueve dólares con siete centavos ($9,049.07) por concepto de gastos, costas y honorarios de abogado.

Inconforme, el 4 de abril de 2025, Zimmer acudió ante este Foro Apelativo, mediante el recurso de Apelación. En su recurso, señala la comisión de los siguientes errores:

> **PRIMER ERROR:** ERRÓ EL TPI AL DETERMINAR QUE EL EMPLAZAMIENTO DILIGENCIADO POR MUÑOZ ERA VÁLIDO BAJO LA LEY NÚM. 2 Y MANTENER EL CASO BAJO EL PROCEDIMIENTO SUMARIO.
>
> **SEGUNDO ERROR:** ERRÓ EL TPI AL ANOTAR LA REBELDÍA A LA PARTE APELADA CUANDO DE LA QUERELLA NO SURGE UNA RECLAMACIÓN QUE JUSTIFIQUE LA CONCESIÓN DE UN REMEDIO.
>
> **TERCER ERROR:** ERRÓ EL TPI AL DICTAR SENTENCIA, SIN HABER CELEBRADO UNA VISTA.

Por consiguiente, el 10 de abril de 2025, emitimos una "*Resolución*". Mediante la misma, concedimos al apelado un término hasta el 5 de mayo de 2025 para presentar su posición en cuanto al recurso, conforme a la Regla 22 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 22. Sin embargo, Muñoz Miranda no compareció.

Habiéndose perfeccionado el recurso ante nos, procedemos a expresarnos.

## II.

### A. Apelación Civil

Las Reglas de Procedimiento Civil se desenvuelven en un orden lógico, natural y armonioso entre sí. Este orden queda demostrado en las distintas etapas de un litigio (alegaciones, mociones, descubrimiento de prueba, vistas evidenciarias,

sentencia, reconsideración, *apelación*) y sus efectos escalonados. Cada etapa se sirve de la anterior y se proyecta, entonces, para la próxima. *Vega v. Alicea,* 145 DPR 236, 238 (1998).

La etapa de la *apelación* se perfecciona con la presentación oportuna de un escrito conforme a las formalidades establecidas en nuestro estado de derecho, que incluye su debida notificación a las partes. El recurso de apelación es aquel "que se presenta ante el foro apelativo intermedio cuando se solicita la revisión de una sentencia, o un dictamen final, emitido por el Tribunal de Primera Instancia". *Freire Ruiz et als v. Morales, Hernández,* 2024 TSPR 129, 214 DPR __ (2024); *González Pagán v. SLG Moret-Brunet,* 202 DPR 1062, 1070-1071 (2019); Regla 52.1 y 52.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 y R. 52.2. Véase R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta Ed., San Juan, Ed. Lexis Nexis, 2017, pág. 519.

La *apelación* no es un recurso discrecional como en los casos de *certiorari.* Una vez se cumpla con los requisitos jurisdiccionales y de perfeccionamiento del recurso, el Tribunal de Apelaciones viene obligado a atender el asunto y resolverlo en sus méritos, de forma fundamentada. *Soc. de Gananciales v. García Robles,* 142 DPR 241, 252 (1997). En ese sentido, reconocemos que existe el derecho estatutario para acudir en apelación ante el Tribunal de Apelaciones cuestionando toda sentencia final emitida por el Tribunal de Primera Instancia. *Silva Barreto v. Tejada Martell,* 199 DPR 311, 317 (2017).

Al revisar una determinación de un foro de menor jerarquía, los tribunales revisores tenemos la tarea principal de auscultar si se aplicó correctamente el derecho a los hechos particulares del caso. Como regla general, los foros apelativos no tenemos facultad para sustituir las determinaciones de hechos del tribunal de instancia

con nuestras propias apreciaciones. *W.M.M. P.F.M., et al. v. Colegio et al.*, 211 DPR 871, 902-903 (2023); *Dávila Nieves v. Meléndez Marín,* 187 DPR 750, 770-771 (2013); *Serrano Muñoz v. Auxilio Mutuo,* 171 DPR 717, 741 (2007).

**B. Emplazamiento y la Ley de Procedimiento Sumario de Reclamaciones Laborales**

La Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2, supra, fue promulgada por nuestra Legislatura, con el fin de librar a los obreros o empleados del procedimiento judicial ordinario, cuando entablen una reclamación contra su patrono. *Collazo Muñiz v. Aliss,* 2025 TSPR 22, 215 DPR __ (2025); *León Torres v. Rivera Lebrón,* 204 DPR 20, 30 (2020); *Patiño Chirino v. Parador Villa Antonio,* 196 DPR 439, 446 (2016); *Vizcarrondo Morales v. MVM, Inc.,* 174 DPR 921, 928 (2008); *Ríos v. Industrial Optic,* 155 DPR 1, 10 (2001).

Como bien propone su nombre, bajo esta disposición, los empleados con reclamos laborales pueden beneficiarse de un procedimiento sumario y expedito. La jurisprudencia interpretativa ha procurado proteger y sostener, la importancia de que los reclamos de naturaleza laboral sean tramitados con prontitud. *Class Fernández v. Metro Health Care,* 2024 TSPR 63, 214 DPR __ (2024); *León Torres v. Rivera Lebrón,* supra, pág. 32-33; *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 732 (2016). Por ello, se ha reconocido que los foros judiciales deben dar estricto cumplimiento a las disposiciones del referido estatuto, y cumplir con sus propósitos, *Dávila Rivera v. Antilles Shipping, Inc.* 147 DPR 483, 492 (1999).

La Sección 3 del estatuto en cuestión, dispone que en "los casos que se tramiten con arreglo a esta Ley, se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con

las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley". Ley Núm. 2, supra, sec. 3120; *Class Fernández v. Metro Health Care,* supra.

Ahora bien, en atención a lo que nos ocupa, reiteradamente, nuestro Alto Foro ha expresado que, como regla general, nuestro ordenamiento jurídico reconoce el emplazamiento como el mecanismo procesal mediante el cual un Tribunal adquiere jurisdicción *in personam. Ross Valedón v. Hosp. Dr. Susoni, et al.,* 213 DPR 481, 487 (2024); *Martajeva v. Ferré Morris y otros*, 210 DPR 612, 620 (2022); *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* 207 DPR 636, 646-647 (2021); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018); *Torres Zayas v. Montano Gómez et als.*, 199 DPR 458, 467 (2017). El propósito del emplazamiento es notificarle a la persona demandada que se ha presentado una acción judicial en su contra, a la vez que se le llama para que ejerza su derecho a ser oída y defenderse. *Martajeva v. Ferré Morris y otros*, supra, pág. 620.

Como "el emplazamiento se mueve dentro del campo del Derecho constitucional", nuestro ordenamiento jurídico ha requerido el cumplimiento estricto de una serie de requisitos para su eficacia. *SLG Rivera-Pérez v. SLG Díaz-Doe et al.,* supra, pág. 647, citando a R. Hernández Colón, *Derecho Procesal Civil*, 6ta ed., San Juan, Ed. Lexis Nexis, 2017, pág. 257. Emplazar conforme a derecho, supone dar estricto cumplimiento a los requisitos dispuestos en las Reglas de Procedimiento Civil, supra.

Cónsono con lo anterior, nuestro Alto Foro ha expresado que el dictamen que se emita en una acción en la cual el emplazamiento fue defectuoso es nulo de su faz, puesto que el tribunal no puede adquirir jurisdicción sobre una persona que no se emplazó correctamente. *Bco. Santander P.R. v. Fajardo Farms Corp.,* 141 DPR

237, 244 (1996). Por ello, una sentencia que se dicte contra un demandado que no ha sido emplazado conforme a derecho es inválida y no puede ser ejecutada. *Lucero v. San Juan Star,* 159 DPR 494, 507 (2003). Asimismo, ante una sentencia nula, no trascurren los términos, porque la nulidad es insubsanable. *Montañez v. Policía de Puerto Rico*, 150 DPR 917, 922 (2000); Echevarría Vargas, *Procedimiento Civil Puertorriqueño*, 1ra ed. rev., 2012, pág. 297. Además, el Tribunal Supremo expresó recientemente que una parte que evita emplazar a una persona conforme a derecho comete fraude al tribunal. *Colón Vega v. Díaz Lebrón*, 211 DPR 548, 562 (2023).

Ahora bien, cuando se trata de un procedimiento sumario bajo la Ley Núm. 2, el emplazamiento se deberá llevar a cabo siguiendo las normas establecidas en dicho estatuto. Por ello, la Sección 3 de la referida Ley, 32 LPRA sec. 3120, establece cómo se hará el emplazamiento de la parte querellada. Específicamente, entre otras cosas, dispone lo siguiente:

> El secretario del tribunal notificará a la parte querellada con copia de la querella, ***apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y <u>dentro de quince (15) días en los demás casos</u>***, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle.
> […]
> 32 LPRA sec. 3120. (Énfasis nuestro.).

### C. Despido Injustificado

La Ley Núm. 80, supra, fue aprobada para proveerle protección a los derechos de los trabajadores, mediante un estatuto

reparador que, junto a la propulsión de remedios justicieros y consubstanciales con los daños causados por un despido injustificado, busca desalentar la incidencia del despido injustificado, arbitrario o caprichoso. *Ruiz Mattei v. Commercial Equipment*, 2024 TSPR 68, 214 DPR __ (2024); González *Santiago v. Baxter Healthcare*, 202 DPR 281, 291 (2019); *SLG Zapata–Rivera v. J.F. Montalvo*, 189 DPR 414, 424 (2013).

La Ley Núm. 80, supra, forma parte de la colección de legislación protectora del trabajo. Tiene precedentes en la Ley Núm. 48 de 28 de abril de 1930, la cual establecía que todo empleado por tiempo indefinido, si era despedido sin justa causa, tenía derecho a una compensación equivalente a la medida o frecuencia en la que recibía la paga por su trabajo, fuera esta semanal o quincenal. Este cuerpo estatutario fue luego enmendado por la Ley Núm. 50 de 20 de abril de 1949. Finalmente, esta última ley fue sustituida por la Ley Núm. 80, la cual, a pesar de sus múltiples enmiendas, *continúa hoy vigente.*

Es por ello que, el Artículo 1 de la Ley Núm. 80, supra, sec. 185a, establece que un empleado que: (1) esté contratado sin tiempo determinado; (2) reciba una remuneración, y (3) sea despedido de su cargo sin que haya mediado justa causa, tiene derecho al pago de una indemnización por parte de su patrono, además del sueldo devengado, conocido comúnmente como la mesada. No obstante, el Artículo 12 de la Ley Núm. 80, 29 LPRA sec. 185l, dispone que para beneficiarse de los derechos que le concede este estatuto, el querellante debe presentar la acción dentro de un (1) año a partir de la fecha efectiva del despido. Por ende, transcurrido el término, la reclamación estará prescrita.

Por otro lado, cuando se trata de un pleito bajo la Ley Núm. 80, supra, el estatuto le concede al obrero una presunción de que el

despido fue injustificado, teniendo el patrono el deber de demostrar lo contrario mediante preponderancia de la prueba. *Ortiz Ortiz v. Medtronic*, 209 DPR 759, 774 (2022). Es decir que el obrero cobijado por la presunción "podría prevalecer en el pleito sin más evidencia que la misma presunción que activó". *Rodríguez Gómez v. Multinational Ins.*, 207 DPR 540, 551 (2021). No obstante, para que la presunción cobije al obrero, es indispensable que este demuestre, como elemento umbral, que hubo un despido. *Ortiz Ortiz v. Medtronic*, supra, pág. 775. Por ello, la mera alegación de un hecho básico, sin establecerlo debidamente, no activa esta presunción. *Rodríguez Gómez v. Multinational Ins.*, supra, págs. 550-551.

En relación a lo que nos ocupa, la Sección 3 de la Ley Núm. 2, 32 LPRA sec. 3120, dispone que, de transcurrir el término jurisdiccional para contestar la querella, y el patrono no comparecer, el Tribunal podrá dictar sentencia en rebeldía. La misma es la consecuencia jurídica-procesal que sufre una parte cuando no comparece o se defiende de la demanda o querella en su contra, y tiene el fin de desalentar la dilación como estrategia de litigación. *Martínez v. Inst. Cardiopulmonar*, 213 DPR 221, 228 (2023); *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807, 823 (2023); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011).

### D. Anotación de Rebeldía

En nuestro ordenamiento jurídico la anotación de rebeldía tiene como consecuencia jurídica que se estimen aceptadas todas y cada una de las materias *bien alegadas* en la demanda. 32 LPRA Ap. V, R. 45.1; *Álamo Pérez v. Supermercados Grande, Inc.,* 158 DPR 93, 101 (2002); *Continental Ins. Co. v. Isleta Marina,* 106 DPR 809, 815 (1977). Sin embargo, ello no garantiza que la parte demandante habrá de obtener una sentencia favorable dado que el trámite en rebeldía no priva al juzgador de evaluar si, en virtud de los hechos

no controvertidos, existe efectivamente una causa de acción que amerite la concesión de un remedio. *Ocasio v. Kelly Servs. Inc.,* 163 DPR 653, 671-672 (2005).

Particularmente cuando se trata de un pleito bajo la Ley Núm. 80, supra, nuestro Máximo Foro ha resuelto que, tanto las alegaciones y determinaciones de derecho, como los hechos alegados incorrectamente, serán insuficientes para sustentar una determinación de responsabilidad del patrono. *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 207 (2021). *Ruiz v. Col. San Agustín*, 152 DPR 226, 236 (2000). Por ello, para poder dictar sentencia en rebeldía, el obrero debe haber incluido en su querella alegaciones de hechos específicos. *Ruiz v. Col. San Agustín*, supra pág. 236. Específicamente, el Tribunal podrá dictar sentencia en rebeldía "cuando el querellante alega correctamente los hechos particulares los cuales, de su faz, sean demostrativos que, de ser probados, lo hacen acreedor del remedio solicitado". *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 207.

Así también, independientemente de la especificidad de los hechos alegados en la querella, los daños reclamados siempre serán objeto de prueba, por lo que el Tribunal podrá celebrar las vistas que sean necesarias y adecuadas para dilucidar los mismos. *Santiago Ortiz v. Real Legacy et al.*, supra, págs. 208-209; *Vizcarrondo Morales v. MVM, Inc.*, supra, pág. 937; *Ruiz v. Col. San Agustín*, supra, pág. 236. Por ende, no es suficiente con alegar que los daños reclamados suman a un total particular, pues no constituyen una suma líquida. *Ruiz v. Col. San Agustín,* supra, pág. 236.

Cónsono con lo anterior, el Artículo 11 de la Ley Núm. 80, 29 LPRA sec. 185k, dispone que el Tribunal deberá celebrar una vista para examinar, entre otras cosas, las alegaciones de las partes. Específicamente, el referido artículo expone:

(a) En todo pleito fundado exclusivamente en esta Ley, el tribunal celebrará una conferencia no más tarde de sesenta (60) días después de presentarse la contestación a la demanda o querella, a la cual las partes vendrán obligadas a comparecer o ser representados por una persona autorizada a tomar decisiones, incluyendo la transacción de la reclamación. Durante dicha vista se examinarán las alegaciones de las partes, se identificarán las controversias esenciales y se discutirán las posibilidades de una transacción inmediata de la reclamación. De no transigirse la reclamación, el tribunal ordenará el descubrimiento que quede pendiente y expedirá el señalamiento de fecha para celebrar la conferencia con antelación al juicio.

(b) [...]

29 LPRA sec. 185k.

### III.

En el recurso ante nos, Zimmer alega que el TPI-Ponce incidió al determinar que el emplazamiento diligenciado por el apelado era válido ante la Ley Núm. 2, supra. Igualmente, señala que el Foro Primario erró al dictar sentencia en rebeldía, cuando de la querella no surge una reclamación que justifique la concesión de un remedio. Por último, aduce que el Foro Apelado debió celebrar una vista, previo a dictar la sentencia en cuestión.

Con relación al *primer señalamiento de error*, la Ley Núm. 2, supra, dispone que la parte querellada tendrá un término de (10) días para contestar la querella cuando el emplazamiento sea diligenciado en el mismo distrito judicial en que se radicó la misma. En cambio, *en el resto de los casos, el término que tendrá la parte querellada para contestar la misma será de quince (15) días.*

Igualmente, es norma reiterada que el emplazamiento es el mecanismo procesal por el cual el Tribunal de Primera Instancia adquiere jurisdicción sobre la persona del querellado. Así, ante un emplazamiento defectuoso, la sentencia que se emita en su día será nula de su faz, dado que la misma carecerá de jurisdicción.

Surge del expediente que el apelado radicó su querella en Ponce, Puerto Rico. No obstante, este emplazó al apelante, por medio

de su agente residente, en San Juan, Puerto Rico. En el emplazamiento diligenciado, el apelado informó incorrectamente a Zimmer que este tendría un término de diez (10) días para contestar la querella en su contra. Al haberlo emplazado fuera del distrito judicial en que se radicó la querella, *el término correcto que tenía para contestar era de quince (15) días.* Por ende, el emplazamiento fue defectuoso, limitando así la jurisdicción del TPI-Ponce para dictar la "*Sentencia*" apelada. De este modo, el Foro Primario erró al determinar que el emplazamiento era válido bajo la Ley Núm. 2, supra.

En atención al *segundo señalamiento de error*, la jurisprudencia ha reiterado que, el hecho de que se le anote la rebeldía al querellado no es el equivalente sin más a que se dicte una sentencia a favor del querellante cuando de los hechos esbozados no surge que es acreedor de un remedio. De este modo, los hechos que quedan admitidos son aquellos que fueron correctamente alegados. Por ende, a pesar de que el obrero está cobijado por una presunción de que el despido fue injustificado, es necesario que de la querella surjan hechos específicos para activar la misma. De lo contrario, el querellante quedará desprovisto de tal presunción.

Del caso ante nos, surge que Muñoz Miranda en sus escritos *aceptó que su acción estaba prescrita*, pero alegó que, al no contestar a tiempo la querella, el apelante renunció a dicha defensa. Sin embargo, al diligenciar un emplazamiento defectuoso, el apelante no fue debidamente notificado del término que poseía para presentar sus defensas afirmativas. Por ende, entendemos que el mismo no renunció a la defensa de prescripción.

Por otro lado, la querella presentada por el apelado se limitó a mencionar que fue despedido por Zimmer y que el mismo fue injustificado. Es decir, que no surgen hechos específicos del despido

en cuestión. Por tanto, es nuestra apreciación que las alegaciones hechas en la querella no son suficientes para activar la presunción sobre el despido injustificado. Por lo cual, no surge de la misma que se justifique la concesión de un remedio hacia Muñoz Miranda.

Por último, en relación con el *tercer señalamiento de error*, tanto la Ley Núm. 80, supra, como nuestro Tribunal Supremo, han establecido que, independientemente de la presunción que cobija al obrero en este tipo de procedimientos, la cuantía de los daños reclamados siempre serán objeto de prueba. Para ello, el Foro Primario debe celebrar las vistas que entienda necesarias y examinar las alegaciones de las partes.

No obstante, surge del expediente que obra en autos que el TPI-Ponce no celebró las vistas necesarias para determinar la cuantía de la indemnización reclamada por Muñoz Miranda. Es norma reiterada que, al anotarle la rebeldía al querellado, el Tribunal no queda exento de su obligación de evaluar la reclamación del querellante y determinar si efectivamente es merecedor de un remedio. Por lo cual, erró el TPI-Ponce al no celebrar una vista para dilucidar la cuantía de la indemnización solicitada por el apelado.

Así, evaluado el recurso ante nuestra consideración y la doctrina aplicable, *revocamos la "Sentencia" apelada*.

**IV.**

Por los fundamentos antes expuestos, *revocamos la "Sentencia" apelada*.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones