Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| SECRETARIO DEL TRABAJO Y RECURSOS HUMANOS Y OTROS<br><br>Apelados<br><br>v.<br><br>MOB ENTERPRISE, LLC Y OTROS<br><br>Apelantes | TA2025AP00652 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm. SL2024CV00431<br><br>Sobre: Reclamación de Salarios (Bono de Navidad) |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 22 de diciembre de 2025.

La parte apelante, MOB Enterprise LLC, comparece ante nos y solicita nuestra intervención para que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Caguas, el 21 de octubre de 2025, debidamente notificada el 22 de otubre de 2025. Ello, dentro de un pleito sobre reclamación de bono de navidad al amparo de lo dispuesto en la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq,* incoado por el apelado José R. Galarza Rivera.

Por los fundamentos que expondremos a continuación, se desestima el presente recurso por falta de jurisdicción.

**I**

El 18 de noviembre de 2024, el aquí apelado presentó la *Querella* de epígrafe. En su escrito, reclamó el bono de navidad del período que comprendía desde el 1 de octubre de 2022 hasta el 30 de septiembre de 2023, más penalidades aplicables acumuladas por falta de pago en exceso de 6 meses, al amparo de la Ley 148 de 30

de junio de 1969, según enmendada, 29 LPRA sec. 501 *et seq.*, y bajo la Ley Núm. 180 de 27 de julio de 1998, según enmendada, 29 LPRA sec. 250 *et seq.* En específico, solicitó una suma de setecientos cuarenta y nueve dólares con sesenta y dos centavos ($749.62) por concepto de bono de navidad, cantidad a la que se le debía sumar la penalidad que establece la Ley 148 de 30 de junio de 1969, *supra*, por lo que reclamó una suma final de mil cuatrocientos noventa y nueve dólares con veinticuatro centavos ($1,499.24). El apelado se acogió para el trámite de la reclamación judicial al procedimiento especial de carácter sumario que establece la Ley de Procedimiento Sumario de Reclamaciones Laborales, Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 LPRA sec. 3118 *et seq.*

Por su parte, el 10 de diciembre de 2025, la parte apelante presentó una *Contestación a Querella*. En esta, alegó que la alegada deuda por concepto de bono de navidad fue compensada y pagada, por lo cual solicitó al Tribunal de Primera Instancia que declarara *No Ha Lugar* la querella presentada en su contra.

Luego de varias incidencias procesales innecesarias de pormenorizar, el 21 de octubre de 2025, debidamente notificada el día siguiente, el Tribunal de Primera Instancia declaró *Ha Lugar* la *Querella* presentada por el apelado. Consecuentemente, ordenó a la parte apelante a pagar la suma de mil doscientos dólares ($1,200.00) por concepto de bono de navidad más la suma de las penalidades por disposición de la Ley 148 de 30 de junio de 1969, *supra*, y la Ley Núm. 180 de 27 de julio de 1998, *supra*.

Inconforme, el 6 de noviembre de 2025, el apelante presentó una *Solicitud de Reconsideración*. No obstante, el 7 de noviembre de 2025, el Tribunal de Primera Instancia emitió una Orden mediante la cual declaró *No Ha Lugar* la *Solicitud de Reconsideración* presentada.

Aún inconforme, la parte apelante presentó el recurso de epígrafe. En el mismo, señaló la comisión del siguiente error:

> Erró el TPI al dictar Sentencia por la vía sumaria sin la celebración de un juicio en su fondo a pesar de que existen controversias sobre los hechos materiales del presente caso.

Habiendo examinado el trámite procesal del presente caso a la luz de la normativa vigente aplicable, estamos en posición de disponer del asunto en cuestión.

## II

### A

La Ley Núm. 2 de 17 de octubre de 1961, *supra*, provee un mecanismo procesal sumario mediante el cual se persigue lograr la rápida consideración y adjudicación de querellas presentadas por empleados u obreros contra sus patronos. Véase, Sección 1 de la Ley Núm. 2, 32 LPRA sec. 3118; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 731-732 (2016), citando a *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996). La naturaleza de este tipo de reclamación exige celeridad en su trámite para así alcanzar "los propósitos legislativos de proteger el empleo, desalentar los despidos injustificados y proveerle al obrero despedido medios económicos para su subsistencia mientras consigue un nuevo empleo". *Medina Nazario v. McNeil Healthcare LLC*, supra; *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008), citando a *Lucero v. San Juan Star*, 159 DPR 494, 504 (2003); *Ruiz v. Col. San Agustín*, 152 DPR 226, 231 (2000); *Rivera v. Insular Wire Products Corp.*, supra. En vista de su carácter reparador, esta Ley debe ser interpretada liberalmente a favor del empleado. *Vizcarrondo Morales v. MVM, Inc.*, supra; *Piñero v. AAA*, 146 DPR 890, 899 (1998).

Con miras a lograr el propósito legislativo, la Ley Núm. 2 de 17 de octubre de 1961, *supra*, dispone un trámite procesal que, permitiéndole al patrono vindicar sus derechos, es más oneroso para

este. *Vizcarrondo Morales v. MVM, Inc.*, supra, a la pág. 929; *Ocasio Méndez v. Kelly Servs.*, 163 DPR 653, 667 (2005). En atención a dicha finalidad, la Sección 9 de la Ley Núm. 2, 32 LPRA sec. 3127, dispone que:

> Cualquiera de las partes que se considere perjudicada por la sentencia emitida por el Tribunal de Primera Instancia podrá interponer recurso de apelación ante el Tribunal de Apelaciones, en el término jurisdiccional de diez (10) días, computados a partir de la notificación de la sentencia del Tribunal de Primera Instancia.

Resulta menester destacar que el carácter sumario de la Ley Núm. 2, *supra*, se extiende hasta los procedimientos de revisión. Por ello, nuestro Tribunal Supremo dictaminó que las determinaciones emitidas en un pleito ventilado a la luz del procedimiento sumario consagrado en la Ley Núm. 2, *supra*, no quedan sujetas a ser revisadas mediante el mecanismo procesal de la reconsideración ante el foro primario, por ser incompatible con el procedimiento sumario laboral. *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 439, 450 (2016).

**B**

Por otro lado, la jurisdicción se define como el poder o autoridad del cual dispone un tribunal para atender y adjudicar casos o controversias. *FCPR v. ELA et al.*, 211 DPR 521, 529 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *SLG Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Es premisa cardinal en nuestro estado de derecho que los tribunales de justicia deben ser celosos guardianes de su jurisdicción, estando obligados a considerar tal asunto aún en defecto de señalamiento del mismo. De ahí que las cuestiones relativas a la jurisdicción son de carácter privilegiado y las mismas deben resolverse con preferencia a cualesquiera otras. *Fuentes Bonilla v. ELA et al.,* 200 DPR 364, 372 (2018); *Ruiz Camilo v. Trafon Group Inc.,* 200 DPR 254, 268 (2018); *Ríos Martínez, Com. Alt. PNP*

*v. CLE,* 196 DPR 289, 297 (2016); *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). La falta de jurisdicción no es susceptible de ser subsanada y, ante lo determinante de este aspecto, el mismo puede considerarse, incluso, *motu proprio. Mun. de San Sebastián v. QMC Telecom,* supra.

En el anterior contexto y relativo a la causa que nos ocupa, la doctrina vigente establece que un recurso prematuro, al igual que uno tardío, adolece del grave e insubsanable defecto de falta de jurisdicción, por lo que, de cumplirse esta instancia, el mismo carece de eficacia jurídica. *Báez Figueroa v. Adm. Corrección*, 209 DPR 288, 299 (2022).

**III**

Siendo tardío el recurso que nos ocupa, no podemos, sino, declararnos faltos de jurisdicción para entender sobre la controversia traída a nuestra consideración. De acuerdo a la doctrina vigente, en casos de naturaleza laboral proseguidos al amparo del trámite estatuido en la Ley Núm. 2, *supra,* la parte interesada en recurrir en alzada de sentencia dictada bajo sus términos dispone de diez (10) días, desde su notificación, para someter su recurso de *apelación* ante la consideración de este Foro. Dicho plazo no admite interrupción mediante la presentación de una moción de reconsideración, toda vez que tal mecanismo no está disponible para el procedimiento sumario estatuido en la referida Ley. Ello así, toda vez que la interpretación jurisprudencial pertinente al referido precepto dispone que, permitir un plazo mayor, desvirtúa la naturaleza expedita en la que el mismo encuentra su fundamento.

En el presente caso, el peticionario impugna lo resuelto mediante la *Sentencia* emitida el 21 de octubre de 2025 y notificada el 22 de octubre de 2025. Respecto a la misma, promovió una solicitud de reconsideración, mecanismo procesal incompatible con

la esencia del procedimiento sumario estatuido por la Ley Núm. 2, *supra*. Así pues, dicha gestión ante el foro de origen no interrumpió el plazo de diez (10) días para acudir ante nos. Siendo de esta forma, a fin de legitimar el ejercicio de nuestras funciones de revisión sobre su causa, el peticionario estaba llamado a presentar su recurso en o antes del lunes **3 de noviembre de 2025**, día hábil para actuar de conformidad. De este modo, habiendo acudido ante este Tribunal el **8 de diciembre del 2025**, a treinta y cinco (35) días de vencido el término aplicable, resulta forzoso concluir que su gestión es una tardía e ineficaz en derecho. Por tanto, desestimamos el presente recurso por carecer de autoridad para atenderlo.

**IV**

Por los fundamentos que anteceden, se desestima el presente recurso por falta de jurisdicción.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones